THE STATE OF IOWA v. R. E. WICK, Appellant.

**Schools:** SALE OF BOOKS BY DIRECTOR: CRIMINAL OFFENCE. Code Section 2834, applies to and prohibits a school director from engaging on his own account in the sale of school books and supplies to the pupils, and is not limited to directors acting as agents of the board under Code Section 2824.

**Indictment:** DUPLICITY. Where several acts are disjunctively enumerated in a statute as constituting an offence, they may be conjunctively alleged in an indictment without duplicity.

*Appeal from Butler District Court.*— HON. J. F. CLYDE, Judge.

TUESDAY, MARCH 6, 1906.

DEFENDANT was charged on information before justice of the peace with the crime of acting as agent and dealer

in school text-books and school supplies during the time that he was one of the directors of the independent school district of the town of New Hartford, in Butler county, and on trial was convicted and sentenced to pay a fine of $10 and costs. On defendant's appeal to the district court he withdrew his plea of not guilty interposed before the justice, and demurred to the information on the ground that it charged the defendant with the commission of no offense under the statutes of Iowa, and that any statute purporting to define such act as an offense is unconstitutional and void. The demurrer being overruled, the defendant again pleaded not guilty, and the case was submitted to the district court on an agreed statement of facts, whereupon the court found the defendant to be guilty and reimposed the sentence which had been previously imposed by the justice of the peace. From this conviction the defendant now appeals.— *Affirmed*.

*Alfred Grundy,* for appellant.

*Chas. W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

McCLAIN, C. J.— It is conceded in the agreed statement of facts that defendant, as dealer in schoolbooks and supplies, sold such books and supplies to pupils of the public schools in the independent district of New Hartford, of which independent district he was one of the board of directors, and the important question submitted to us on this appeal is whether such action on his part was in violation of the provision of Code, section 2834, the material portion of which reads as follows:

1. SCHOOLS: sale of books by director; criminal offense.

It shall be unlawful for any school director . . . to act as agent for any school text-books or school supplies during such term of office or employment anl any school director . . . who shall act as agent or dealer in school text-books or school supplies during the term of such office

or employment shall be deemed guilty of a misdemeanor and shall, upon conviction thereof, be fined not less than ten dollars nor more than one hundred dollars and pay the costs of prosecution.

The contention for appellant is that, under this section, a school director is prohibited from acting as agent or dealer in school text-books or school supplies only where he is selected by the board under Code, section 2824, to keep books and supplies for sale as agent of the board, and that where the board has not undertaken to contract for and buy books and supplies for sale to pupils at cost under the section last cited the prohibition of section 2834 has no application. But an examination of the entire chapter of the Code in which these sections are found will show that this contention is not well founded. This chapter relates to the subject of uniformity, purchase, and loaning of text-books, and provides, first, for the purchasing and keeping for sale to pupils by school boards of books and supplies, and, second, for the adoption of uniform text-books for the county by the county board of education therein described which is authorized to select schoolbooks for the entire county and contract for the sale of the same through depositories to the school districts.

By section 2835 the provision for county uniformity does not apply to schools located within cities or towns, except as the directors of such schools shall see fit to avail themselves of the benefits of the provisions made by the county board of education for uniform text-books in the county. It was optional, therefore, with the board of directors of the independent district of the town of New Hartford to adopt the plan of purchasing text-books for sale to pupils, and it seems that the board did not adopt such plan but allowed the pupils to procure their supplies from private dealers. It is apparent, therefore, that the private dealers such as the defendant would have an interest in the question whether the board of directors should adopt the plan of

purchasing books and supplies for sale to pupils at cost price; for, if the board should adopt such a plan, then the dealer, unless he was selected as agent under section 2824, would have no opportunity to make a profit by sale to pupils, and it is conceded that defendant as director could not become such agent. Defendant as a member of the board, therefore, had a personal pecuniary interest distinct from the interests of the patrons of the school in the question whether the plan of purchasing books and supplies for sale to pupils at cost should be adopted, and it is evident that the very purpose of the section of the Code already quoted was to prevent any dealer who should have such personal interest in the action of the board in this matter, from being a member of the board.

Counsel for defendant argues that a consideration of all the sections of the chapter taken together will show that the agent or dealer who is prohibited by section 2834 from being a school director is a person who under section 2824 has been selected to keep books and supplies for sale to pupils at cost when the board of directors has adopted that plan; but a reference to chapter 24, of the Acts of the Twenty-Third General Assembly (1890), in which section 2834 of the present Code is first found, will negative this contention, for in that chapter there is no provision for the appointment of an agent or dealer to keep such books and supplies for sale when the board adopts the plan of purchase by the district, but it is provided (see section 1 of that act) that the books and supplies in such case shall be under the charge of the president of the board, who shall be responsible therefor and for the moneys received for sales and give bond to insure the faithful performance of such duties. The provision for the appointment by the board of a person who should act as its agent in keeping the books and supplies for sale, and who should give bond was first introduced in the statutes by chapter 35 of the Acts of the Twenty-Fifth General Assembly (1894). It is clear, therefore, that when

Code, section 2834, was first enacted as section 11 of the act of 1890, the term "agent or dealer" could not have had reference to a person selected by the board to act as its agent in the sale of books and supplies to pupils, and those words must have been intended to refer to private dealers and persons acting as the agents of those furnishing books and supplies to pupils under private sale.

We think that the policy of the statutory provisions as well as their specific language make them appliacble to a dealer such as the defendant is conceded to have been and prohibit such dealer from being a member of a school board of directors.

It is further contended that the indictment was bad for duplicity, in that it charged the defendant with acting "as agent and dealer in school text-books and school sup-plies," whereas the statute prohibits any director from acting "as agent or dealer in school text-books or school supplies." But no such question was raised, either before the justice of the peace or in the district court, and, if it had been raised, it could not have been sustained; for it is well settled that, where several acts are enumerated by the statute disjunctively as constituting an offense, they may be conjunctively alleged in charging the defendant for such offense without duplicity. *State v. Feuerhaken,* 96 Iowa, 299; *State v. Kowolski,* 96 Iowa, 346.

The judgment of the trial court is *affirmed.*