# SUPPLEMENT.

## OPINION OF THE JUSTICES TO THE GOVERNOR AND COUNCIL.

The provision of art. 4, § 2, of the Constitution of the United States that "A person charged in any State with treason, felony, or other crime, who shall flee from justice, and be found in another State, shall, on demand of the executive authority of the State from which he fled, be delivered up to be removed to the State having jurisdiction of the crime," has no application to a case where the offender is, at the time, held to answer for an offense against the laws of the State in which he has taken refuge.

The Governor of this Commonwealth has no power, by his warrant issued upon a demand from another State, to take a prisoner, upon whom a sentence of a court is being executed in the State prison, out of the custody of the law of Massachusetts and send him away to another State.

AT a meeting of the Governor and Council held on May 5, 1909, the following vote was passed, and on the following day was transmitted to the Justices of the Supreme Judicial Court:

Whereas, the Executive of the State of New York has made demand upon the Governor of this Commonwealth for the surrender of an alleged fugitive from justice, charged in that State with the crime of murder in the first degree, the person so demanded being now confined in the State prison at Charlestown upon a conviction of burglary; and whereas, doubt exists whether or not said fugitive may be surrendered to the agent of the State of New York without pardon or commutation of sentence:

It is voted by the Governor and Council that the opinion of the Justices of the Supreme Court be requested upon the following important question of law:

May a person convicted of crime in this Commonwealth and duly committed to and confined in the State prison or other penal institution, be taken therefrom under and by authority of a war-

rant issued by the Governor for the extradition of such person, upon lawful demand by the Executive of another State and in accordance with the Constitution and the laws of the United States?

On May 18, 1909, the Justices returned the following answer:

To His Excellency the Governor and the Honorable Council of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court, having considered the question upon which their opinion is required by the Governor and Council, respectfully submit the following opinion:

The duty of the Governor of the Commonwealth to deliver up a person charged in another State with treason, felony or other crime, who has fled from justice and is found in this State and is demanded by the executive authority of the State from which he has fled, is imposed by art. 4, § 2, of the Constitution of the United States. This duty is imperative in every case in which it arises.

The obvious purpose of the provision is to prevent an offender against the justice of one State from obtaining immunity from punishment by fleeing to another State. It does not create a preference in the enforcement of the laws in favor of the demanding State. It has no application to a case where the offender is, at the time, held to answer for an offense against the laws of the State in which he has taken refuge. The demands of justice in that State are as high as in the State from which he came. So long as he is held to answer to the demands of justice in the State where he is found, the demand of the executive authority of the other State should be subordinate to the operation of the laws of his place of refuge. Not only does this follow from the principles on which the constitutional provision rests, but it is stated in decisions of different courts. *Taylor* v. *Taintor*, 16 Wall. 366, 373. *State* v. *Allen*, 2 Humph. 258. *State* v. *Adams*, 3 Head, 259. *In matter of Troutman*, 4 Zabr. 634. *In matter of Briscoe*, 51 How. Pr. 422. *Ex parte Rosenblat*, 51 Cal. 285. See also *Kentucky* v. *Dennison*, 24 How. 66.

In the first of these cases the court said, at page 370: "It is

indeed a principle of universal jurisprudence that where jurisdiction has attached to a person or thing, it is — unless there is some provision to the contrary — exclusive in effect until it has wrought its function." In *Ex parte Hobbs*, 32 Tex. Cr. 312, 318, the court said of a requisition for one who was held under a criminal law of that State: " This jurisdiction, being operative, takes precedence of the one claimed until its purpose shall have been completed. The Governor of this State has no power, by the issuance of warrant, to arrest its action."

It has been said that the State in which the fugitive is found may waive its right to punish him for a violation of its own laws and deliver him up to the authorities of the other State. Doubtless this is true, but it does not follow that any one of the three departments — the executive, legislative or judicial — which together represent the sovereignty of the people in their government, can waive this right alone. The only cases that have come to our attention in which it was held that there was a waiver were when the Governor issued his warrant against a person who was at large under bail, and was therefore subject to arrest upon a proper process. So far as appears, the Governor had no knowledge in any of these cases that a prosecution had been begun in his State, and that the offender was held to bail. The most that has been decided is that delivery, under a warrant so issued, should be treated as a waiver of its right by the State that delivered up the fugitive. Of course the acceptance of bail while a prosecution is pending is a waiver of the right of the State, for the time being, to insist upon the custody of the person of the accused, and a permission to go at large in such a way that his person is liable to be taken upon any lawful warrant for his arrest.

The question as we understand it is whether the Governor has power, by his warrant issued in response to a demand from another State, to take a prisoner, upon whom a sentence of a court is being executed in the State prison, out of the custody of the law of Massachusetts by which he is held, and send him away to another State. Let us consider first the question whether the Governor has power so to interfere in the administration of justice here, for any other reason than a demand

from another State under this provision of the Constitution. He has the power of pardoning offenses, given by the Constitution of Massachusetts, c. 2, §. 1, art. 8. He has no statutory authority to interfere with the execution of a sentence in a criminal case, otherwise than by pardoning the offender. His disability so to interfere lies deeper than in the absence of an empowering statute. The powers of the government of Massachusetts are divided among three departments, — the legislative, executive and judicial, — no one of which shall ever exercise the powers of either of the others. Declaration of Rights, art. 30. It is within the province of the judicial department to try persons who are charged with crime and to impose punishment upon them if they are found guilty. Except by a pardon of the convict, neither of the other departments can nullify or set aside a sentence of the judicial department which is in process of execution under a proper warrant from the court. A warrant from the Governor, such as is supposed, unless it derives some peculiar power from the Constitution of the United States, would be of no effect against the warrant from the court under which the prisoner is held in execution of its judgment after conviction. Not even the legislative department, in the exercise of the law-making power, can interfere with the execution of such a sentence. This, in substance, has been decided in many cases. *Opinion of the Justices* upon the constitutionality of an act entitled "An Act to reverse and annul the judgment of the Supreme Court of Rhode Island, for treason, rendered against Thomas W. Dorr, June 25th, A. D. 1844," 3 R. I. 299. *Denny* v. *Mattoon*, 2 Allen, 361, 376, 378, 379. *Roberts* v. *State*, 30 App. Div. (N. Y.) 106. *Lewis* v. *Webb*, 3 Greenl. 326, 332. *People* v. *Cummings*, 88 Mich. 249. *De Chastellux* v. *Fairchild*, 15 Penn. St. 18. *Commonwealth* v. *Halloway*, 42 Penn. St. 446. *Griffin* v. *Cunningham*, 20 Gratt. 31, 50, and cases cited. *State* v. *Sloss*, 25 Mo. 291. *State* v. *Fleming*, 7 Humph. 152. *Ex parte Darling*, 16 Nev. 98.

As we have already seen, the Constitution of the United States gives the Governor no paramount power as against the law or justice of Massachusetts, which is being vindicated through the action of the judicial department against a guilty person. His power, under this provision of the Constitution, is

subordinate to the power of his own State, through its proper officers, to hold its prisoners, convicted of crime, until their expiation under its laws has become complete.

<div align="right">

MARCUS P. KNOWLTON.

JAMES M. MORTON.

JOHN W. HAMMOND.

WILLIAM CALEB LORING.

HENRY K. BRALEY.

HENRY N. SHELDON.

ARTHUR PRENTICE RUGG.