THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT KLINGER, Plaintiff in Error.

*Opinion filed December 16, 1925.*

1. CRIMINAL LAW—*Governor of a State may waive jurisdiction over prisoner requisitioned.* Under an act of Congress allowing the Governor of one State to make requisition on the Governor of another State for the delivery of a fugitive from justice, the latter Governor may relinquish the prisoner by waiving jurisdiction if the prisoner is under the jurisdiction of the courts of his State, but he may decline to honor the demand for extradition until after the judgment of the courts of his State is satisfied.

2. SAME—*when defendant cannot complain that his extradition deprives him of speedy trial.* Where the Governor of one State voluntarily surrenders a fugitive from justice on the requisition of the Governor of another State the courts of the latter State will not on the trial inquire into the regularity or irregularity of such surrender, and where the defendant, when surrendered, was subject to the jurisdiction of the courts of the former State on a charge of felony, he cannot by plea in abatement maintain the defense that the extradition deprived him of a speedy trial in that State and that the State to which he was surrendered could not acquire jurisdiction over him without dismissal of the proceeding in the other State.

WRIT OF ERROR to the Circuit Court of Adams county; the Hon. FRED G. WOLFE, Judge, presiding.

W. J. KERSHAW, and T. S. MORGAN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, EDWARD C. FITCH, and MARK A. PENICK, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the circuit court of Adams county of robbery with a gun and brings the record here for review, presenting the sole question whether that court had jurisdiction to try the charge against him under

the circumstances presented in his plea in abatement filed to the jurisdiction of that court. That plea set up that plaintiff in error was on August 1, 1923, arrested on a charge of having committed a felony and bound over to the circuit court of Sheboygan county, Wisconsin; that while he was in custody under the charge of felony in that State the district attorney of Sheboygan county presented a petition setting forth that the Governor of Wisconsin had honored a requisition of the Governor of Illinois for the plaintiff in error on charges pending in Adams county, Illinois. The plea further states that the judge of the Sheboygan county circuit court, without a hearing and without notice to plaintiff in error, ordered the sheriff of that county to turn him over to the messenger for the State of Illinois for the purpose of returning him on an extradition warrant to answer the charges filed in Illinois; that having been taken from the jurisdiction of the Wisconsin court without his consent and without dismissal of the proceeding in that court the circuit court of Adams county did not secure jurisdiction of him; that under the provisions of the Federal constitution, as well as of the constitution of Wisconsin, he was entitled to a speedy trial and an adjudication on the charges for which he was held in that State, and that the Wisconsin court could not without his consent deprive him of that right, for the reason that to do so would be in violation of the provisions of both the Federal and Wisconsin constitutions. The People demurred to the plea of abatement presented by plaintiff in error and the court sustained the demurrer.

It is contended that the surrender of plaintiff in error by the Wisconsin court was a nullity so far as his rights were concerned, and that he, as a matter of law, remained under the exclusive jurisdiction of the Wisconsin court though brought into the circuit court of Adams county, Illinois, and this being so, the Illinois court could not obtain jurisdiction of him and he was therefore tried in a court

without jurisdiction. The People contend that no rights of the plaintiff in error were violated in the extradition; that the Governor of Wisconsin had a right to waive jurisdiction of that State and its court over the person of the plaintiff in error, and that when he was brought into the circuit court of Adams county, Illinois, that court had jurisdiction to require him to answer the indictment pending there. It is also contended that there was no irregularity in the extradition of the plaintiff in error, and that the courts of this State will not investigate the manner or circumstances of the capture and return of one charged with crime.

Plaintiff in error predicates his assignment of error principally on the ground that the trial court had no jurisdiction of his person by reason of the alleged unconstitutional act of the Governor of Wisconsin and the circuit court in that State in attempting to waive jurisdiction of that court. The question is in a measure novel, although questions somewhat similar have been passed upon by courts of this country. In the consideration of it we are met at the outset with the question: Has this court jurisdiction to determine whether there was a violation of the constitution of the State of Wisconsin in the action of the Governor and circuit court of that State? Counsel for plaintiff in error do not point out wherein this court would have jurisdiction of such a matter, and we are unable to see how such jurisdiction could be acquired. Certainly it cannot be said that the courts of this State have deprived plaintiff in error of a right to a speedy and impartial trial of the charge of which he now stands convicted. If he was deprived of a speedy trial by the State of Wisconsin or its executive or judicial department on a charge of an offense against the laws of that State, we are unable to see wherein this court has power to correct that error. It does not appear in this record that plaintiff in error asked for a speedy trial as to the offense committed in the State of Wisconsin.

The right of the Governor of one State to make a requisition on the Governor of another State for the delivery of a fugitive from justice, and the right of the latter Governor to grant or refuse it, are conferred by act of Congress on the ground of comity between States. If at the time such requisition is made the fugitive is in the custody of the courts of the asylum State under a charge of offense against its laws, the Governor thereof is not required to surrender such fugitive until after the judgment of the court of that State is satisfied. The executive of the asylum State may, however, relinquish the prisoner by waiving jurisdiction even though such fugitive is under the jurisdiction of the courts of such asylum State. (*Roberts* v. *Reilly,* 116 U. S. 80; *Hart* v. *Mangum,* 146 Ga. 497.) The right of the Governor of the asylum State to decline to honor a demand for extradition is a right of the State and is in nowise based on the personal right of the fugitive, and where no objection is made by the court or authorities who have jurisdiction over the fugitive, he has no right to object to the exercise of jurisdiction over him by the court of another State. When the requisition has been honored and the fugitive surrendered thereunder, such surrender will operate as a waiver of jurisdiction of the asylum State. (*United States* v. *Marrin,* 227 Fed. 319; *Cozart* v. *Wolf,* 185 Ind. 505; *State* v. *Eberstein,* 182 N. W. (Neb.) 500.) The State of Illinois in this case was within its rights in demanding the surrender of plaintiff in error and taking him into custody when he was surrendered, and the mere fact, if it be a fact, (which is not conceded,) that the State of Wisconsin by surrendering him violated his right to a speedy trial in that State does not prevent the State of Illinois from acquiring jurisdiction of his person through such surrender.

Plaintiff in error contends that the criminal charges against him in Wisconsin should have first been disposed of, and that failure so to do amounted to a violation of his constitutional right to a speedy trial on such charge.

"Right to a speedy trial" means the right to have heard speedily the charge on which the accused is detained. This constitutional provision is based on the right of an individual to be at liberty, subject only to the reasonable requirements of the law designed to secure his attendance upon the trial of the charges against him. Where the accused is not in custody, he must, in order to secure a speedy trial, make a demand for the same. The legislatures of various States, however, have provided that where the accused remains in custody for a certain specified time without trial, and where the delay is not at his request, he may not thereafter be tried. When on the warrant of the Governor of Wisconsin and the order of the circuit court of Sheboygan county plaintiff in error was turned over to the messenger for the State of Illinois he no longer remained in custody on the charge filed against him in that State, and regardless of what should be said in case an attempt were made to return him for trial on the charge in the State of Wisconsin after the waiver of jurisdiction in that State, which question is not before us, there is nothing in the occurrences in this case to prevent the courts of Illinois taking jurisdiction of the person of plaintiff in error. This case does not stand on the same footing as a petition for a writ of *habeas corpus* filed in Wisconsin.

When the Governor of one State voluntarily surrenders a fugitive from justice on the requisition of the Governor of another State, the courts of the State to whom he has been returned will not on the trial inquire into the regularity or irregularity of such surrender. It affects neither the guilt nor innocence of the accused nor the jurisdiction of the court to try him. The fact that the accused is in court is sufficient to require him to answer the indictment against him. *Ker* v. *People,* 110 Ill. 627; *Ex parte Scott,* 9 B. & C. 446; *Adriance* v. *Lagrave,* 59 N. Y. 110; *State* v. *Ross,* 21 Iowa, 467; *United States* v. *Lawrence,* 13 Blatchf. 295; 15 Corpus Juris, 1166.

In support of plaintiff in error's contention that the Governor and circuit court of Wisconsin had no authority to waive jurisdiction over him he cites *Ex parte Johnson,* 167 U. S. 120. That case holds that a court having acquired jurisdiction of a person cannot be deprived of it until such jurisdiction is exhausted. That decision does not involve the question of the right of a State to waive jurisdiction. *Opinions of Judges,* 201 Mass. 609, also cited by plaintiff in error, is to the effect that the Governor of Massachusetts has no power to grant extradition of a person who has been convicted and is serving his sentence in the penitentiary of the State, but the question of waiver of jurisdiction in a case like the one at bar was not involved. *Ex parte Hobbs,* 32 Tex. Crim. 312, and *Ex parte McDaniel,* 76 id. 148, also cited by plaintiff in error, were cases in which a writ of *habeas corpus* was sought, and it was held that the Governor of Texas had no power to grant extradition of a person against whom criminal proceedings were pending in that State until the proceedings were disposed of. These cases are not in harmony with the general rule as announced in the decisions of the courts of this country and do not involve the principal question in this case, which is whether a grant of extradition, though it be erroneous, is available as a defense to the charge of the demanding State on a trial of the accused in that State. Counsel cite no case, and we are aware of none, holding that such may be urged as a defense.

We are of the opinion that the circuit court did not err in sustaining the demurrer to the plea in abatement filed by the plaintiff in error, and the judgment of the circuit court will therefore be affirmed.        *Judgment affirmed.*