## Ex parte MARVIN MIDDAUGH.

No. A-7059. Opinion Filed June 16, 1928.
(268 Pac. 321.)

Wm. Blake and Ed Crossland, for petitioner.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. This is an original proceeding in habeas corpus. The petitioner by verified petition alleges that he is restrained of his liberty and unlawfully imprisoned in the county jail of Tulsa county by the sheriff and by an agent for the state of Oregon on a

requisition warrant of the Governor of this state, honoring a requisition of the Governor of the state of Oregon to surrender said petitioner to the agent of the state of Oregon as a fugitive from justice; further alleging that the Governor of this state is without authority to issue said requisition warrant or to authorize a conveyance of petitioner from the state of Oklahoma, for the reason that on November 15, 1927, petitioner, under the name of Jerry Callahan, was sentenced to serve a term of two and one-half years in the state reformatory at Granite, Okla., for a felony; that he was, by an order of the court sentencing him, paroled, and by said parole required to make monthly reports and to remain within the jurisdiction of the court. Section 2803, C. O. S. 1921. To this petition a demurrer was interposed by the state. The offense charged in the state of Oregon for which a requisition is sought was committed prior to the offense for which petitioner was sentenced in this state.

It is the contention of petitioner that, since he has been sentenced to imprisonment in the state reformatory, and such sentence suspended by judicial parole, he is within the custody of the court, and the Governor is without authority to waive the jurisdiction and custody of the state except by pardon; that the attempted removal of petitioner from the state is without authority of law. It is the contention of the state that the act of the Governor in issuing the requisition warrant waives the jurisdiction and custody of the state, and authorizes his removal from the state.

There are few cases directly in point on the question here presented, but analogous questions have been before the courts in numerous instances. There is a division in the authorities. The weight of authority is decidedly to this effect, that, where a fugitive from

one state takes asylum in another, and the law of the state in which asylum has been sought is violated by the fugitive, and he is convicted there, and is undergoing sentence, the demands of the law thus violated may be first satisfied before obedience to the constitutional provision to surrender him to the state from which he is a fugitive arises. It is doubtful if the Governor of the asylum state, where a fugitive has been convicted, and is actually serving a sentence by confinement, can deliver him to the demanding state, unless the fugitive be paroled or pardoned. Where, however, the custody is constructive, and a proper demand is made by the Governor of the state from which he is a fugitive upon the Governor of the asylum state for the surrender of the fugitive, the duty to surrender him is not absolute and unqualified, and the Governor of the asylum state may refuse to deliver him until the laws of the asylum state have been satisfied and the sentence served or executed. But, where the custody is constructive, the Governor of the asylum state, upon proper demand by the Governor of the demanding state, may waive the right to require a fugitive to complete his sentence, and may honor the requisition to deliver him to the authorities of the demanding state. In such case concurrence of the judicial branch of the government is not necessary. State v. Saunders, 288 Mo. 640. 232 S. W. 973, and authorities cited; People v. Klinger, 319 Ill. 275, 149 N. E. 799, 42 A. L. R. 581, and authorities cited.

The Supreme Court of the state of Oregon, in the case of Carpenter v. Lord, etc., 88 Or. 128, 171 P. 577, L. R. A. 1918D, 674, appears to arrive at a different conclusion. It is there held that the Governor may not deliver one in custody on a criminal charge to another state until legally discharged. This holding, however, is based upon a statute, section 1874, L.

O. L., which, in substance provides that, when the person demanded by requisition is in custody upon a criminal charge on a judgment of conviction, he cannot be delivered up until legally discharged from such custody. Also it is held in the state of Massachusetts, Opinion of the Judges, 201 Mass. 609, 89 N. E. 174, 24 L. R. A. (N. S.) 799, that the Governor of that state had no power to grant extradition of a person who is convicted and serving his sentence in the penitentiary of that state. The question of waiver of jurisdiction, however, was not involved.

The state of Texas in several cases has held that the Governor of that state had no power to grant extradition of a person against whom criminal proceedings were pending until the proceedings were disposed of. Ex parte Hobbs, 32 Tex. Cr. 312, 22 S. W. 1035, 40 Am. St. Dep. 782; Ex parte McDaniel, 76 Tex. Cr. R. 184, 173 S. W. 1018, Ann. Cas. 1917B, 335. See, also, State ex rel. Short, Attorney General, v. White, U. S. Marshal, 39 Okla. Cr. 242, 264 P. 647.

We are of the opinion that the rule as announced in the cases of State v. Saunders, supra, and People v. Klinger, supra, is sound; that the Governor of this state under the circumstances shown had the right to honor a proper demand from the Governor of the state of Oregon for the extradition of petitioner; and that no right of petitioner is invaded by honoring the requisition.

The writ is denied, and the action dismissed.

DOYLE, P. J., and DAVENPORT, J., concur.