Ex parte Fred Strauss.—7 S. W. (2d) 1000.

Court en Banc, June 21, 1928.

*Irwin & Bushman* for petitioner.

*North T. Gentry*, Attorney-General, and *W. E. Sloat*, Special Assistant Attorney-General, for the State.

RAGLAND, J.—Habeas Corpus. On a trial duly had in the Circuit Court of Jackson County, Missouri, petitioner was, on September 6, 1924, convicted of robbery in the first degree and sentenced to imprisonment in the State Penitentiary for a term of five years. Pursuant to such sentence he was thereafter imprisoned until the

5th day of August, 1927, when he was discharged under a conditional commutation granted by the Governor. The executive order recited:

"This commutation is granted, however, upon and made subject to the express condition that the recipient hereof shall forthwith depart from Cole County, Missouri, and continuously remain outside of said county. If recipient shall fail to comply with this condition, then this commutation shall stand forfeited and the original sentence shall stand and remain in full force."

Thereafter, on April 12, 1928, the Commissioners of the Department of Penal Institutions reported to the Governor that evidence had been presented to them that petitioner had violated the terms and conditions of the commutation granted him, in that on various dates subsequent to August 5, 1927, he had been in Jefferson City, in Cole County, Missouri, and had not continuously remained outside of said county. In connection with their report they recommended that the commutation theretofore granted petitioner be revoked. On May 4, 1928, the Governor revoked the commutation, and petitioner was arrested and returned to the penitentiary to serve the remainder of the term for which he was originally sentenced. The order of revocation recited that it had been made to appear to the Governor that the petitioner had violated the condition of the commutation in this: that he had not continuously remained outside of Cole County.

The petitioner neither admits nor denies that he violated the condition of the commutation; he asserts: first, that (the condition operates to deprive him of the equal protection of the law; and, second, that even if it be valid, he cannot be imprisoned for an alleged breach of it until that fact has been judicially determined.

I. The Constitution, Section 8, Article V, provides:

"The Governor shall have power to grant reprieves, commutations and pardons, after conviction, for all offenses, except treason and cases of impeachment, upon such conditions and with such restrictions and limitations as he may think proper, subject to such regulations as may be provided by law relative to the manner of applying for pardons."

The Governor may therefore attach to a commutation granted by him any condition he chooses, provided it is not illegal, immoral or impossible of fulfillment. [Ex parte Mounce, 269 S. W. 385.] And the condition in this case to-wit: that the petitioner depart from and remain continuously outside of Cole County, is not illegal, or immoral, or impossible of fulfillment. [Fuller v. State, 122 Ala. 32.] A commutation of sentence is a matter of grace or favor. It is subject to rejection or acceptance by the convict. He has an unfettered

election in that regard, and the executive order is not effective or operative until it has been accepted by him. If he prefers to serve out the sentence originally imposed upon him to a suspension of it under the conditions imposed, he has the clear right to do so. But if he elects to accept the commutation and avails himself of the liberty it confers, he must do so upon the conditions upon which alone it is granted to him. [Ex parte Alvarez, 50 Fla. 24.]

II. With respect to the petitioner's second contention the law is equally well settled. A terse yet comprehensive statement of it appears in Ruling Case Law as follows:

"In the absence from the statutes of any provision authorizing the Governor to ascertain and determine whether or not there has been a violation of, or non-compliance with, the condition or conditions of a pardon, and to order the rearrest of the convict and the execution upon him of the original sentence, *and* in the absence from the pardon itself of express stipulations so authorizing the Governor, he has no authority to inquire into or pass upon the question of a violation of the condition or conditions of such pardon, or to order the rearrest of the convict, or to subject him to the execution of the original sentence imposed, and any order of the Governor undertaking to adjudge a violation of the conditions of his pardon by the grantee and revoking such pardon, and ordering his recommitment in execution of his original sentence is a nullity. . . . A condition in a pardon that the Governor may summarily determine whether the conditions have been complied with, and if he finds that they have not may revoke the pardon and order the reconfinement of the offender, is binding upon the convict, and authorizes his rearrest and commitment upon the terms and in the manner imposed. . . . The proceeding to test the question whether or not there has been a violation of, or non-compliance with, the condition or conditions of a pardon is purely informal. The established practice at the common law and in the American states, in the absence of statutory regulation and in the absence from the pardon itself of express stipulations for that purpose, is for some court of general criminal jurisdiction, upon having its attention called, by affidavit or otherwise, to the fact that a pardoned convict has violated, or failed to comply with, the condition or conditions of his pardon, to issue a rule reciting the original judgment of conviction and sentence, the pardon and its conditions, and the alleged violation of, or non-compliance with, the condition or conditions thereof, and requiring the sheriff to arrest the convict and bring him before the court to show cause, if any he can, why the original sentence imposed upon him should not be executed. A copy of such rule should be served upon the convict at the time of his arrest, and when brought before the

court upon such rule, if the prisoner denies that he is the same person who was convicted, sentenced, and pardoned, he has an absolute right to a trial by jury, otherwise a person might be remanded to suffer punishment who has never had a jury trial. But if his identity is not denied all the other facts and issues can be heard and tried by the judge alone.'' [20 R. C. L. 572-575.]

We have no statute in this State authorizing either the Governor or the Commissioners of the Department of Penal Institutions to ascertain and determine whether or not there has been a violation of the condition or conditions of a commutation granted by him, and the commutation in question contains no express stipulations so authorizing him or them. Whether the petitioner has in fact violated the condition of the commutation has not therefore been determined by any competent authority. It follows that his imprisonment is illegal, and that he should be discharged. It is so ordered. *Walker,* C. J., and *White, Atwood* and *Gantt, JJ.,* concur.