## FLOYD JARRETT v. STATE.

No. A-7747. Opinion Filed Aug. 18, 1930.
Rehearing Denied Nov. 15, 1930.
(292 Pac. 888.)

G. A. Chappell, Bass & Hardy, and James H. Mathers, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Kay county of robbery with firearms and sentenced to serve a term of 25 years in the state penitentiary.

In July, 1924, a bank at Uncas, Kay county, was robbed by three men who drove into the town in a Ford car. One remained in the car, and two went into the bank and with firearms committed the robbery, securing about $1,400; they then made their escape. In September, 1924, a complaint was filed in the county court· of that county charging defendant and one Jack Newman with the robbery. A warrant was issued for defendant and Newman on such complaint. Newman was apprehended, tried, convicted, and sentenced to serve a term of 25 years. See Newman v. State, 44 Okla. Cr. 137, 279 Pac. 980. In September, 1928, defendant was arrested in Oklahoma charged with robbing a bank at Lamar, Colo. He was extradited to that state despite his resistance to the extradition proceedings, and after a confinement for several months in that state he was released. He was then brought back into this state by a United States marshal on a charge of transporting a stolen automobile and was delivered by the federal authorities to the sheriff of Kay county. A new complaint was filed in the county

court of Kay county in August, 1929, charging defendant with the robbery of the Uncas State Bank. He was held for the district court there, tried, convicted, and sentenced as stated.

The contention is made that when the Governor honored the requisition and permitted defendant to be taken to the state of Colorado upon a charge pending in that state, this state waived jurisdiction and lost its rights to put him on trial, citing Ex parte Middaugh, 40 Okla. Cr. 280, 268 Pac. 321; Ex parte Guy, 41 Okla. Cr. 1, 269 Pac. 782. Neither of these cases is directly in point. In the Guy Case the petitioner had been convicted and was serving sentence in the penitentiary. By an executive order he was released and delivered to the federal authorities, the order containing a condition that in case of conviction in the federal court, petitioner at the conclusion of his sentence should be returned to the state authorities. This court held the executive order was in effect a pardon of the remainder of the sentence. In the Middaugh Case, the petitioner had been convicted, and pending his appeal the Governor honored a requisition and petitioner was extradited to Missouri. This court in substance held that by honoring the requisition the state waived jurisdiction over the person of petitioner but such waiver did not satisfy the judgment, and if thereafter petitioner was apprehended in this state and jurisdiction of his person again obtained, he might be required to satisfy the judgment. The latter case is analogous to the situation here. The state by honoring the requisition of the Governor of Colorado, and permitting petitioner to be extradited to that state, waived jurisdiction of his person; but when he was returned to this state and jurisdiction was again obtained of his person, he was in the same position as prior to his extradition.

It is argued that as it appears the parties present at the scene of the robbery testified they saw defendant there and did not see him until five years later and the case must rest on their identification, their testimony cannot be given any weight and that the corroboration of the accomplice is insufficient. It is a general rule that where the testimony of an accomplice or claimed accomplice makes out in all particulars the crime charged, the corroboration need not be as strong as in other cases.

The main witness for the state was one Carden. He testified, in substance, he was an inmate of the state penitentiary, serving a 25 year sentence for the robbery of the Uncas Bank. That the robbery was committed by himself, one Newman, and the defendant. That he drove the car to the place of the robbery, and Newman remained in it while he and defendant went into the bank and did the actual robbery. He went into details, narrating at length the circumstances of the robbery. A witness, Snyder, testified he was in the bank at the time of the robbery and was forced at the point of a gun to lie down on the floor. He identified defendant as one of the men participating in the robbery. A witness, Enstine, testified he was in the bank at the time of the robbery, was talking to the witness Snyder, and was also forced at the point of a gun to lie down on the floor. He also identified defendant as one engaged in the robbery. The cashier of the bank testified that in his own mind he was satisfied defendant was one of the participants. On cross-examination he admitted the possibility of error. Here the testimony of Enstine, Snyder, and the cashier, Jacques, certainly corroborated the testimony of the accomplice and tends to connect him with the crime charged, and this is all the law requires. Section 2701, Comp. St. 1921. The reasonableness or unreasonableness of the testimony of

166

the corroborating witnesses and the weight and credit to be given it is for the jury. See Brannon v. State, 39 Okla. Cr. 207, 264 Pac. 835; Simpson v. State, 40 Okla. Cr. 58, 266 Pac. 783; Stout v. State, 41 Okla. Cr. 42, 270 Pac. 90, 91.

The most earnest argument is made that the prosecution is barred by the statute of limitations. Upon this point the record discloses that the offense was committed on July 21, 1924; on September 4, next thereafter, a preliminary information was filed in the county court of Kay county and a warrant issued. Sections 2441 and 2442, Comp. St. 1921, are as follows:

"2441. There is no limitation of the time within which a prosecution for murder must be commenced. It may be commenced at any time after the death of the person killed.

"2442. In all other cases a prosecution for a public offense must be commenced within three years after its commission."

Section 2443 in substance provides that the statute of limitations does not run while a defendant is not an inhabitant or usually resident within the state. Synnott v. State, 38 Okla. Cr. 281, 260 Pac. 517. From the date of the robbery charged in the information until defendant was arrested charged with an offense in Colorado, he was a resident of Carter county, Okla., some 150 or more miles from Kay county. The sheriff of Kay county testified that he made search for defendant in Kay and counties adjoining. The complaint was filed and the warrant issued in good faith. Prior to the arrest of defendant for the Colorado authorities, the sheriff of Kay county did not know defendant's whereabouts. After defendant was returned from Colorado in August, 1929, a new preliminary complaint was filed in the county court

of Kay county, which is the basis for the information in the district court upon which defendant was tried and convicted. The question then is: Is this prosecution "commenced" within three years after the commission of the offense as required by section 2442, supra? If so, the court had jurisdiction. If not, the prosecution was barred. The commencement of an action and the filing of an indictment or information are not the same thing. State v. Disbrow, 130 Iowa, 19, 106 N. W. 263, 8 Ann. Cas. 190; Ex parte Lacey, 6 Okla. 4, 37 Pac. 1095. Our statute nowhere states what constitutes the commencement of a criminal action. Under a somewhat similar state of facts, the Supreme Court of Kansas, in Ex parte Broadhead, 74 Kan. 401, 86 Pac. 458, held that the mere filing of a complaint and the issuing of a warrant is not sufficient to toll the statute of limitations. In that case, however, the sheriff there knew where the defendant was but, on direction of the county attorney, returned the warrant "not found." The Kansas court holds this is an abandonment of the prosecution. The Broadhead Case is modified by the later case of State v. White, 76 Kan. 654, 92 Pac. 829, 14 L. R. A. (N. S.) 556. This court in Davenport v. State, 20 Okla. Cr. 253, 202 Pac. 18, by the language used in syllabus 3, appears to sustain the contention of defendant, but in that case it is said:

"By the term 'the prosecution,' as used in a criminal case, is meant the continuous following up, through instrumentalities created by law, of a person accused of a public offense with a steady and fixed purpose of reaching a judicial determination of the guilt or innocence of the accused. It should not be confounded with the written accusation, nor is the term synonymous with criminal action. It consists of all the successive steps, having relation to each other, taken against the accused by the officer or officers charged with the enforcement of the criminal law. It contemplates proceeding judicially and involves

all written accusations, including complaints, present-
ments, indictments, and information successively and con-
tinuously lodged against the accused. It may compre-
hend one or more related actions, provided the offense in
each instance is identical and the actions are continuous
and are brought and maintained pursuant to lawful au-
thority."

The general rule appears to be to the contrary. In
8 R. C. L. p. 133, § 111, it is said:

"The statute of limitations runs from the time the of-
fense is committed until the prosecution is commenced, un-
less some intervening act occurs to interrupt it. Within
this rule, if an indictment or information is the first step
taken in the matter, of course that commences the prosecu-
tion; but when, as is usually the case, there are preliminary
proceedings, the prosecution is commenced at the time a
complaint is laid before a magistrate and a warrant is is-
sued; and a defective warrant is sufficient for this pur-
pose, especially where no objection was made to it until
the defendant had been convicted."

In 16 C. J. p. 230, § 355, it is said:

"* * * On the other hand, where the statute simply
provides that the prosecution must be commenced in a
specified period, a complaint and warrant of arrest issued
thereon and executed without unnecessary delay, will con-
stitute a commencement of the prosecution. Similarly if
the prosecution is by affidavit and information, then, and
in such cases, the action may be deemed to be commenced
at the time the information is filed with the clerk by the
state through its proper officer. * * * An arrest is not
a part of the commencement of a suit, and it is therefore
not essential that it be made within the statutory period,
although, as in civil cases, process therefor must issue
upon the indictment and must be served without unneces-
sary delay."

See State v. White, supra; State v. Disbrow, 130 Iowa,
19, 106 N. W. 263, 8 Ann. Cas. 190.

If the rule here contended for is sound, then an offender for any crime less than murder, if he can successfully conceal himself and avoid arrest for three years, is free from prosecution. The officers of the state may be ever so diligent in attempting to serve the warrant of arrest, but if the offender outwit them no prosecution will lie. When the action was commenced in September, 1924, by filing a preliminary complaint with the county judge, and the issuing the warrant thereon in good faith, the fact that the sheriff was unable to find defendant to serve the warrant does not make the commencement of the prosecution any less a fact. When defendant came into the custody of the state for prosecution for the offense charged in Kay county, the state might have proceeded with the original preliminary complaint, or it might have filed another preliminary complaint with the county judge so long as the offense charged is identical.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.