Ex parte FRANK MATTES, on behalf of PAUL VADEN, alias JACK WILSON, Petitioner, v. M. B. TAYLOR, Agent of the State of Washington. —153 S. W. (2d) 833.

Court en Banc, September 3, 1941.

*Frank Mattes* and *D. Raymond Carter* for petitioner.

*Roy McKittrick*, Attorney General, and *Ernest Hubbell* for respondent.

TIPTON, J.—*Habeas Corpus.* The petitioner is in custody of M. B. Taylor, agent of the State of Washington by virtue of a ren-

(434)

dition warrant issued by the Governor of this State, dated August 19, 1941. At the January Term, 1933, of the Circuit Court of Jackson County, Missouri, the petitioner was convicted of the offense of robbery in the first degree and was sentenced to imprisonment in the State penitentiary for a term of fifteen years. On August 19, 1941, the Governor of this State granted the petitioner a parole or conditional pardon.

The only contention of the petitioner is that, since he has been sentenced to imprisonment in the State penitentiary, and such sentence suspended by executive parole, he is within the custody of the court, and the Governor is without authority to waive the jurisdiction of the State except by pardon; that the attempted removal of petitioner from the State is without authority of law. On the other hand, the State contends that the act of the Governor in issuing the requisition warrant waives the jurisdiction and custody of the State, and authorizes his removal from the State.

To sustain his contention the petitioner relies upon the case of In re Opinion of the Justices, 201 Mass. 609, 89 N. E. 174, 24 L. R. A. (N. S.) 799. That case was an advisory opinion given by the Justices of the Supreme Court of Massachusetts to the Governor of that state and it held that, while the state in which a fugitive is found may waive its right to punish him for a violation of its own laws, and deliver him to the authorities of another state, this right cannot be exercised by the Governor alone; that he has no power to interfere with a judicial sentence except by pardon, and that a waiver of punishment does not constitute a pardon.

Because we ruled in the case of Ex parte Herring v. Scott (Mo.), 142 S. W. (2d) 670, l. c. 671, that the petitioner in that case being out on parole did not make him any the less "under sentence" for the offense, this petitioner contends that the facts in this case are on all fours with the facts in the Massachusetts case.

The respondent contends that this case should be ruled by the case of People ex rel. Gallagher v. Hagan, 69 N. Y. Supp. 475, 34 Misc. Rep. 86. In that case a different conclusion was reached. That court held in an extradition proceeding that it is no defense that a prisoner who has been convicted in a state cannot be extradited until he has served his sentence; that the Governor ▆▆▆ may waive the right of the state to punish him and grant the requisition. This court is already committed to the doctrine announced in case of People ex rel. Gallagher v. Hagan, supra. After reviewing the authorities in the case of State v. Saunders, 288 Mo. 640, l. c. 651, 232 S. W. 973, we said:

"The rules announced in the cases cited in support of the action of the Governor of a State in granting a requisition under facts similar to the case at bar, are more convincing than those urged in support of the rule announced in the Opinion of Justices; and the ap-

plication of the former cannot but prove more conducive to the effective administration of the criminal law than the latter.''

We think the case of Ex parte Middaugh, 268 Pac. 321, 40 Okla. Cr. 280, decided by the Criminal Court of Appeals in Oklahoma governs the facts in case at bar. In that case the petitioner had been convicted of a felony and paroled by the court, during which time the Governor of Oklahoma honored a requisition of the Governor of the State of· Oregon. In a *habeas corpus* proceeding brought by the prisoner, that court ruled that the Governor of Oklahoma could waive the right to require the prisoner to complete his sentence and might honor the requisition to deliver him to the authorities of the demanding state. The status of a paroled prisoner is the same whether he be paroled by the trial court or by the executive. [Ex parte Jasper Mounce, 307 Mo. 40, 269 S. W. 385.]

We hold that when a convict is granted a parole by the Governor, he may honor the requisition to deliver the paroled convict to the authorities of the demanding state. The state has the right to waive punishment of a convict. It is not a matter for the convict to decide which state shall punish him when he has violated the criminal law of two states. In such circumstances, it is the right of the asylum state to decide whether it will punish the prisoner or waive the punishment by turning him over to the demanding state; the prisoner has no voice and will not be heard. [People ex rel. Gallagher v. Hagan, supra; People v. Klinger, 319 Ill. 275, 149 N. E. 799, 42 A. L. R. 581.]

For the reasons stated, and as heretofore announced by the order entered August 22, 1941, our writ of *habeas corpus* is quashed and the petitioner remanded to the custody of M. B. Taylor, the duly appointed agent and messenger of the State of Washington, who holds the petitioner under a rendition warrant issued by the Governor of this State. All concur.