255 S.W.2d 54 (1953)
Ex parte DIEHL.
No. 7196.
Springfield Court of Appeals. Missouri.
February 27, 1953.
Turner White, Springfield, for petitioner.
Douglas W. Greene, Pros. Atty., Springfield, for respondent.
PER CURIAM.
Habeas corpus for the discharge of David Diehl's imprisonment in the Greene County jail, in Greene County, Missouri, by Glenn M. Hendrix, sheriff of said county.
April 3, 1952, the prisoner pleaded guilty in the Circuit Court of Greene County, Missouri, to a charge of larceny from the person of another, a felony, and was sentenced by the court to imprisonment in the Intermediate Reformatory at Algoa for two years.
On April 5, 1952, he was by the parole board paroled from this sentence, a part of the order being as follows:
"* * * it is ordered by the Board that said parole be granted upon the conditions and restrictions, namely: that he be paroled and assigned to the State Board of Probation and Parole for supervision, that he not again violate the law and that he make his reports to the State Board of Probation and Parole until released. Said board may summarily and in purely informal manner determine whether said terms have been observed and complied with and if it finds they have not may revoke said parole and order recommitment of applicant."
February 14, 1953, the Board revoked this parole by the following order:
"Now on this day it appearing to the satisfaction of the Board that the Defendant has violated the terms of his parole, it is therefore ordered by the Board that the parole heretofore granted Defendant on the 5th day of April, 1952, be and the same is hereby revoked and terminated.
"And it is further ordered by the Board that the Clerk of this Board make out a duly certified copy of this order and deliver the same to the Sheriff of this County so that the judgment and sentence of the Court may be carried into force and effect."
*55 Petitioner contends that he is unlawfully imprisoned because the action of the parole board was a judicial function involving the exercise of discretion which discretion was abused; that the revocation of the parole was an arbitrary and capricious act on the part of the board without legal justification; and that the board was without jurisdiction to revoke the same.
It is the contention of the petitioner that under Section 549.470 RSMo 1949, V.A. M.S., it was the duty of the parole board to keep a record of persons paroled and when such parole is revoked to assign the reasons therefor; that the parole board in the present instance failed to assign any reasons for their action in revoking the parole as required by law.
It is admitted in this case that no reasons were assigned by the parole board for their actions in revoking the parole.
The law of paroles is a matter of express statutory law in this state. 39 Am.Jur. p. 572, Sec. 81; Section 549.060 RSMo 1949, V.A.M.S.
Section 549.080 RSMo 1949, V.A.M.S., provides: "When any person of previous good character and who shall not have been previously convicted of a felony, shall be convicted of any felony * * * and imprisonment, in the penitentiary shall be assessed as the punishment therefor, and sentence shall have been pronounced, the court before whom the conviction was had, if satisfied that such person, if permitted to go at large, would not again violate the law, may in his discretion, by order of record, parole such person and permit him to go and remain at large until such parole be terminated as provided in section 549.090; * * *."
Section 549.090 provides: "When any person shall be paroled under the provisions of section 549.080 the court granting said parole or the judge thereof in vacation may terminate said parole at any time without notice to such person by merely directing the clerk of the court to make out and deliver to the sheriff or other proper officer a certified copy of the sentence, together with a certificate that such person has been paroled and his parole has been terminated, and it shall be the duty of such officer, upon receipt of such certified copy of sentence, to immediately arrest such person and transport and deliver him to the warden of the penitentiary in the same manner as if no parole had been granted, * * *."
Under Section 549.130 the original sentence or judgment is not satisfied until the prisoner is discharged by an order of the court.
Section 549.450 provides in class two counties that parole boards shall have power to make needed rules and regulations concerning terms and conditions of parole; and Section 549.460 provides: "Said board of paroles shall succeed to and have and exercise the same powers of parole and be subject to the same regulations as trial courts are endowed with and provided for by sections 549.060 to 549.180."
Section 549.470 provides: "It shall be the duty of said board to keep a record of persons paroled and as far as possible of their whereabouts, occupation and conduct, and a record of the final discharge of such person upon parole, or the revocation of any parole revoked and the reasons therefor."
There can be no doubt that the Board of Paroles of Greene County had the authority under Section 549.090 to terminate the parole without notice to the parolee, merely by directing the clerk of the court to make out and deliver to the sheriff or other proper officer a certified copy of the sentence, together with a certificate that such person had been paroled and his parole had been terminated. Section 549.440 RS Mo 1949, V.A.M.S.
And there can be no doubt that said board, in revoking said parole, was required by Section 549.470, to assign the reasons therefor, which the board did not do. This, we hold, is the plain meaning of the statutory law governing the powers of the board to revoke the parole in question.
*56 In 24 C. J. S., Criminal Law, § 1618, p. 195, the law is stated:
"* * * Accused, however, is entitled to have the conclusions upon which the court acts based upon relevant proved facts, * * *."
There seems to have been no decisions in the appellate courts deciding the question raised herein.
It was held in Mattes v. Taylor, 348 Mo. 434, 153 S.W.2d 833, that the status of a paroled prisoner is the same whether he be paroled by the trial court or by the executive.
In Silvey v. Kaiser, Mo.Sup., 173 S.W.2d 63, 64, the law is stated:
"But as we have no statute authorizing the Governor to determine whether or not there has been a violation of the conditions of a commutation, and as the commutation in question contained no express stipulation authorizing the Governor to make such determination, we held he was without power to do so."
So, reasoning from this principle of the law declared by the Supreme Court the statute governing the revocation of parole by this board specifically says that the board must assign reasons therefor in its record. In the order made by the board in paroling the petitioner it required him to not violate the law and that he make his reports to the State Board of Probation and Parole. So far as the record shows the petitioner did that. Since the board of pardons and paroles had the authority to impose such conditions as was necessary in its judgment for the rehabilitation of the petitioner it was the duty of such board, in revoking such parole, to assign the reasons therefor, which it did not do.
The parole relieved petitioner from the consequences of his crime only by conforming to its terms as imposed by the parole board. It was an act of grace proceeding from the power entrusted with execution of laws, which exempts the individual on whom it is bestowed from the punishment the law inflicts for a crime he has committed. Lime v. Blagg, 345 Mo. 1, 131 S.W.2d 583.
In Ex parte Strauss, 320 Mo. 349, 7 S. W.2d 1000, 1001, the law is stated that "* * * A commutation of sentence is a matter of grace or favor. It is subject to rejection or acceptance by the conflict. He has an unfettered election in that regard, and the executive order is not effective or operative until it has been accepted by him. If he prefers to serve out the sentence originally imposed upon him to a suspension of it under the conditions imposed, he has the clear right to do so; but, if he elects to accept the commutation and avails himself of the liberty it confers, he must do so upon the conditions upon which alone it is granted to him."
Under the parole granted by the board in the case at bar the petitioner did not have to accept the conditions of the parole imposed by the board. But when he did avail himself of the liberty it confers he did so upon the conditions imposed in the order paroling him, and when the board revoked this parole it was a statutory requirement that it assign the reasons for so doing in its record and having failed to do so petitioner was illegally confined; and it is, by this court, ordered that he be discharged.
All concur.