Hillsborough,
No. 4574.

HARRY KOCH *v.* THOMAS F. O'BRIEN, *Sheriff.*

Argued April 2, 1957.
Decided April 10, 1957.

*Eaton & Eaton* and *Clifford J. Ross* (*Mr. Ross* orally), for the plaintiff.

*Louis C. Wyman,* Attorney General, *William J. Deachman,* Assistant Attorney General and *David C. Engel* (*Mr. Deachman* orally), for the defendant.

KENISON, C. J.   The usual grounds for challenging interstate rendition are not involved in this *habeas corpus* proceeding.   The plaintiff admits that he escaped from the South Carolina State Penitentiary, is a fugitive, and that the interstate rendition papers from South Carolina are correct and substantially charge a crime for which his return to that state is sought.   *Hinz* v. *Perkins,* 97 N. H. 114; *Bracco* v. *Wooster,* 91 N. H. 413; *Thomas* v. *O'Brien,* 98 N. H. 111.

The plaintiff's main contention is that his rendition to South Carolina would be a violation of the due process clause of the Fourteenth Amendment to the United States Constitution. The plaintiff testified that during his confinement in the South Carolina State Penitentiary he was placed in solitary confinement for four and one-half years on reduced rations under filthy conditions. During this period the plaintiff testified that "aside from a shower once a week, I might have had twenty walks," that he was once beaten, and that he was accused of violations of prison rules which he did not commit. No evidence was introduced by the defendant but on cross-examination the plaintiff stated he remembers attempts to escape, "flooding the cells," and "cutting bars" with hacksaw blades. At the conclusion of the hearing the Trial Court excluded this evidence stating: "if under any view of the case it should be held the evidence is material, I would find as a matter of fact and rule as a matter of law there is no evidence that the petitioner's rights under the Fourteenth Amendment have been violated in any way by the State of South Carolina."

The plaintiff relies on *Application of Middlebrooks*, 88 F. Supp. 943, but that case was reversed in *Ross* v. *Middlebrooks*, 188 F. (2d) 308. While the plaintiff is correct in maintaining that the Uniform Criminal Extradition Law is subject to "the provisions of the Constitution of the United States . . . " (RSA 612:2), due process does not require that the asylum state shall pass judgment on the penal system of the demanding state. *Sweeney* v. *Woodall*, 344 U. S. 86. *Johnson* v. *Matthews*, 182 F. (2d) 677, *cert. denied* 340 U. S. 828. See *Drew* v. *Thaw*, 235 U. S. 432. "Few asylum state courts deny rendition even where evidence of a due process violation has been introduced and not disproved." Interstate Rendition: Executive Practices and the Effects of Discretion, 66 Yale L. J. 97, 108 (1956). See anno. 155 A. L. R. 145. Some courts have ruled that the asylum state has no jurisdiction to consider unlawful treatment of a prisoner in the demanding state. *Commonwealth ex rel Brown* v. *Baldi*, 378 Pa. 504, 509. We need not go that far and rule only that in interstate rendition proceedings this state is not required to consider evidence of alleged mistreatment of prisoners in the demanding state. See *Pearson* v. *Campbell*, 97 N. H. 444, 445; Sutherland, Due Process and Cruel Punishment, 64 Harv. L. Rev. 271.

The plaintiff contends that the Governor of this state has no authority to order that he be returned to South Carolina because

he is presently serving an unexpired jail sentence imposed by a court of this state. There is scattered support for this view from some early cases (*Opinion of the Justices*, 201 Mass. 609) but it is a minority view which we do not follow. *People* v. *Bartley*, 383 Ill. 437. The Governor could have withheld the rendition request until the plaintiff had served his sentence in this state (RSA 612:19) but this was a right that was discretionary with the Governor and not a personal right of the fugitive. See *Murphy, Petitioner*, 321 Mass. 206; *Taylor* v. *Taintor*, 83 U. S. (16 Wall) 366. The Uniform Criminal Extradition Law gives strong support to the exclusively executive nature of the right to grant or refuse rendition (RSA 612:2) and its exercise does not violate the separation of powers provisions of our Constitution. N. H. Const., Pt. I, *Art.* 37th; *Murphy, Petitioner, supra*, 215; RSA 612: 19, 27. See also, *People* v. *Babb*, 1 Ill. (2d) 191.

*Exceptions overruled.*

WHEELER, J., took no part in the decision; the others concurred.