In the matter of Peter B. Manchester, on Habeas Corpus.

In the matter of PETER B. MANCHESTER, on *Habeas Corpus.*

The Judiciary have jurisdiction by *habeas corpus* to investigate cases where a party is arrested as a fugitive from justice, escaped from another State.

The Courts possess no power to control the Executive discretion in surrendering fugitives from justice ; nor can they compel a surrender in such case; yet the Executive having acted, that discretion may be examined into, in every case where the liberty of the subject is involved.

It is not necesary that the affidavit upon which the requisition issued should set forth the crime charged, with all the legal exactness necessary to be observed in an indictment. If it distinctly charge the commission of an offense, it is all that is necessary.

The Governor of the State issuing the requisition for the fugitive, is the only proper judge of the authenticity of the affidavit; and the Judge, on *habeas corpus,* can not go behind his action to inquire whether the affidavit was a forgery.

It is not necessary that the affidavit should state that the prisoner is a "fugitive from justice"—the allegation that he committed the crime, and then secretly fled. is sufficient to deduce the conclusion, that he is a fugitive from justice.

When the requisition certifies that the affidavit is "duly authenticated according to the laws" of said State, it is sufficient.

MURRAY, C. J., delivered the opinion of the Court.

The return to the writ shows, that the defendant is held in custody by virtue of a warrant, issued by the Executive of this State, in compliance with a requisition made by the Governor of Ohio, under the provisions of the Act of Congress regulating "fugitives from justice."

The requisition of the Governor of Ohio is based upon the affidavit of one Frederick Franks, taken before one Peter Bell, a Justice of the Peace of Hamilton county, Ohio, and authenticated by the seal of the Court of Common Pleas of said State. Upon this affidavit, the District Attorney of Hamilton county has endorsed his opinion, that the charge is sufficient for the Governor to issue a requisition upon—(whether by virtue of any law of the State of Ohio, making it the duty of District Attorneys to investigate such cases, I know not, but am inclined to think such must be the fact.)

The requisition is in the usual form, and recites substantially the facts charged in the affidavit.

It may be as well to state, *in limine,* that I do not consider, under the distribution of powers by the Constitution of this State, the Judiciary are denied jurisdiction in this class of cases. The very object of the *habeas corpus,* was to reach just such cases; and while the Courts of the State possess no power to control the Executive discretion, and compel a surrender, yet, having once acted, that discretion may be examined into, in every case where the liberty of the subject is involved.

The extradition of the subject is a dangerous power, which cannot be too carefully watched, and ought not to be trusted alone to the Executive, while, at the same time, the obligations of the States to carry out, in good faith, the provisions of the Constitution and laws of the United States, is paramount, and should be observed, not only as a solemn compact, but should be administered with that Executive and Judicial comity among kindred States.

The first ground relied on by the accused is, that the affidavit on which the requisition issued is insufficient.

I have carefully examined it, and am satisfied, that it contains the charge of two crimes; first, the forgery of two promissory notes, and second, the uttering of two forged notes, knowing the same to be forged, with the intent to defraud, &c., the affiant.

It is true, that it does not set forth the crime with all the legal exactness necessary to be observed in an indictment; but it does charge the commission of two distinct offences, and this, I apprehend, is all that is necessary.

But it was contended before me, that the whole paper was a forgery, because the name of Franks seems to have been written by the same person who wrote the body of the instrument, and it is interlined in various parts in the same handwriting, but with different ink. Some testimony was adduced to prove this fact, which did not satisfy my mind, and which ought not to have been admitted, because the Governor of Ohio is the only proper judge of the authenticity of the paper, and we cannot go behind his action, to inquire whether the affidavit was a forgery.

It is said, that the affidavit does not charge in sufficiently distinct words, that the prisoner is a "fugitive from justice." I think that the

allegation, that he committed the crime and then secretly fled, is sufficient from which to deduce the conclusion.

The last objection is, that the affidavit is not certified to be authentic, or the original.    The requisition certifies that the affidavit is "duly authenticated according to the laws" of said State, by which I understand the Governor of Ohio to certify, that the paper has received the forms which prove its genuineness.

From a careful examination of the whole matter, I am fully satisfied, that the action of the Executive of this State is correct.

It is, therefore, ordered, that the writ be dismissed, and the prisoner be remanded to the proper custody, to be dealt with according to law.