## JOSEPH C. DAVIS'S CASE.

Suffolk.     February 28. — March 5, 1877.    COLT & LORD, JJ., absent.

A warrant issued by the Governor of this Commonwealth, under the Gen. Sts. *c.* 177 § 3, for the surrender of a fugitive from justice, is *primâ facie* evidence, at least, that all necessary legal prerequisites have been complied with, and, if the previous proceedings appear to be regular, is conclusive evidence of the right to remove him to the state from which he fled.

When an indictment against a person, arrested on a warrant issued by the Governor of this Commonwealth, under the Gen. Sts. *c.* 177, § 3, for his surrender as a fugitive from justice, appears to have been returned by a grand jury, is certified as authentic by the Governor of the other state, and substantially charges a crime, this court cannot, on habeas corpus, discharge the prisoner because of formal defects in the indictment ; but its sufficiency as a matter of technical pleading is to be tried and determined in the state in which it was found.

HABEAS CORPUS of a person held by a deputy of the sheriff of Suffolk, under a warrant issued by the Governor of this Commonwealth, upon a requisition of the Governor of the State of Vermont, for his arrest and delivery as a fugitive from the justice of the State of Vermont.

The warrant of the Governor of this Commonwealth contained the following recital : " Whereas application has been made to me by the supreme executive authority of the State of Vermont for the delivery of Joseph C. Davis, of Boston, charged with the crime of obtaining money by false representations, and represented to be a fugitive from the justice of said State of Vermont, and now in said Boston, and I am satisfied that the demand is conformable to law, and ought to be complied with."

The copy of the indictment annexed to the requisition of the Governor of the State of Vermont was attested and certified by the clerk of the court therein named, and was certified in the requisition to be authentic and duly authenticated in accordance with the laws of the State of Vermont, and was accompanied by an affidavit that the defendant was a fugitive from justice, and was as follows :

" State of Vermont.   Windsor, ss.   Be it remembered, that at ٤ term of the County Court begun and held at Woodstock within and for the county of ˙ Windsor aforesaid, on the second Tuesday of December in the year of our Lord one thousand eight hundred and sixty-five, the grand jurors within and for the

body of the county of Windsor aforesaid, now here in court duly empanelled and sworn, upon their oath present, that Joseph C. Davis, of Boston, in the County of Suffolk and Commonwealth of Massachusetts, heretofore, to wit, on the twentieth day of July in the year of our Lord one thousand eight hundred and sixty-three, with force and arms at Hartford aforesaid in the county of Windsor aforesaid, unlawfully, knowingly and designedly, with intent to defraud one Carlos S. Hamilton of his moneys, and with intent to procure the said Hamilton to loan and lend to him the said Davis the money of him the said Hamilton, upon the sole credit of him the said Davis, did falsely pretend and affirm unto the said Hamilton that he the said Davis was then and there a man of large wealth and property, and that he the said Davis was then and there the owner of a certain dwelling-house of great value, situate in South Hanson, in said Commonwealth, and was then and there the owner of a certain other dwelling-house of great value, situated in Cambridge, in said Commonwealth, and that he the said Davis was then and there the owner of a large amount of goods, wares and merchandise of great value, to wit, of the value of four thousand dollars over and above the amount of all his indebtedness for and on account of the purchase of said goods, wares and merchandise, and that he the said Davis was then doing a large and profitable business in trading and merchandising with said goods, wares and merchandise in the said city of Boston, and that he the said Davis was then making and realizing a profit upon the sale of said goods, wares and merchandise, of from twenty-five per cent. to thirty per cent. upon the cost of said goods, wares and merchandise ; and by means of which false pretences the said Joseph C. Davis did then and there unlawfully, knowingly and designedly, fraudulently obtain of and from the said Carlos S. Hamilton a large sum of money, to wit, the sum of fifteen thousand dollars, of the property and money of the said Hamilton, of the value of fifteen thousand dollars, upon the sole credit and responsibility of him the said Davis, with intent then and there to cheat and defraud him the said Carlos S. Hamilton of the same. Whereas, in truth and in fact, the said Davis was not then and there a man of large wealth and property, but on the contrary thereof was then and there poor and insolvent, and unable to

pay his the said Davis's just debts and liabilities by a large amount, to wit, by the amount of ten thousand dollars ; and was not then and there the owner of a dwelling-house of large value, or any value at all, situate in said South Hanson ; and was not then and there the owner of a dwelling-house of any value whatever, situate in said Cambridge or elsewhere ; nor was said Davis then and there the owner of a large amount of goods, wares and merchandise of the value of four thousand dollars, or of any other amount or value whatever, over and above the amount of all his the said Davis's indebtedness for and on account of the purchase of said goods, wares and merchandise ; and that the said Davis was not then and there doing a large and profitable business in trading and merchandising in and with said goods, wares and merchandise, in said city of Boston or elsewhere ; nor was said Davis then and there making or realizing a profit of from twenty-five per cent. to thirty per cent. upon the cost of said goods, wares and merchandise, upon the sale thereof, nor any profit whatever ; but on the contrary thereof, he, the said Davis, was then doing a profitless and losing business in the sale of said goods, wares and merchandise in the said city of Boston ; all of which the said Davis then and there well knew, and of which the said Hamilton was then and there totally ignorant, and gave full credit to said false and fraudulent representations and pretences of him the said Davis.   And so the jurors aforesaid, upon their oath aforesaid, do say that the said Joseph C. Davis then and there, to wit, at Hartford aforesaid, in the county of Windsor aforesaid, on the twentieth day of July aforesaid, in manner and form aforesaid, by means of said false and fraudulent pretences, did then and there unlawfully and fraudulently obtain of and from the said Hamilton the said property and money of him the said Hamilton of the value aforesaid, contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the State "

At the hearing, before *Endicott*, J., upon the petition, the writ, the officer's return, the warrant, the requisition, and the indictment and other papers accompanying it, the petitioner contended that the indictment charged no offence known to the laws of Vermont, and was insufficient to justify or warrant his surrender to the authorities of Vermont.   It was agreed that

the statutes of the State of Vermont and the decisions of the Supreme Court of Vermont, relating to the question raised, might be taken as evidence of the law of Vermont on this question, to the same extent as if that law had been formally proved as a fact.

The judge was of opinion that the question whether the indictment properly charged an offence under the laws of Vermont was not open to the petitioner; but, at his request, reserved the case for the consideration of the full court upon the questions: 1st. Whether the petitioner could raise upon this record, and in this case, the question whether the indictment charged an offence under the laws of Vermont; 2d. If he could do so, whether the indictment did charge an offence under the law of Vermont; and admitted the petitioner to bail in the sum of $10,000.

*C. Allen & A. E. Pillsbury*, for the petitioner. 1. The court is not precluded from inquiring, on habeas corpus, whether the case is within the law, by the fact that the executive warrant has issued. No person can be surrendered under this proceeding, unless he is charged with a crime. In the present case, there is no charge of crime, unless one is contained in the indictment. If, therefore, the indictment is defective, there is no charge, and the case is not within the law. *Ex parte Smith*, 3 McLean, 121. *In re Manchester*, 5 Cal. 237. *In re Leland*, 7 Abb. Pr. (N. S.) 64. *People* v. *Brady*, 56 N. Y. 182. It is not enough, in a complaint praying the issue of a warrant in an extradition case, to charge a crime generally; but the offence charged should be clearly set forth, so that the court can see that a crime, for which extradition can take place, has been committed. *In re Farez*, 7 Blatchf. C. C. 34.

2. The statute of Vermont, as to the offence of obtaining money under false pretences, is almost literally like that of Massachusetts. Gen. Sts. c. 161, § 54. Gen. Sts. of Vt. of 1862, c. 113, § 23. No decision in that state being found as to necessary averments in an indictment under that statute, the law of Vermont must be assumed to be the same as the law of Massachusetts. Under the decisions in this state, the indictment is bad, for want of averments that Hamilton was induced, by the false pretences alleged, to part with his money; or under what circumstances, or bargain or understanding, he parted with his

money ; or even that he parted with his money at all; or that he was cheated, deceived or defrauded in any manner. *Commonwealth* v. *Strain*, 10 Met. 521. *Commonwealth* v. *Lannan*, 1 Allen, 590. *Commonwealth* v. *Goddard*, 4 Allen, 312. *Commonwealth* v. *Jeffries*, 7 Allen, 548. *Commonwealth* v. *Lincoln*, 11 Allen, 233. *Commonwealth* v. *Coe*, 115 Mass. 481.

*W. C. Loring*, Assistant Attorney General, *contra*.

GRAY, C. J. By the Constitution of the United States, " a person charged in any state with treason, felony or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime." Const. U. S. art. 4, § 2. Congress has enacted that when the executive authority of any state shall demand any person, as a fugitive from justice, of the executive authority of the state to which he has fled, and shall produce the copy of an indictment found, or an affidavit made before a magistrate, charging the person demanded with having committed treason, felony or other crime, and certified as authentic by the Governor of the state fled from, it shall be the duty of the executive authority of the state fled to, to cause him to be arrested and delivered to the agent of the executive authority making the demand. U. S. St. February 12, 1793, § 1. U. S. Rev. Sts. § 5278. The statutes of the Commonwealth provide that such demand shall be accompanied by sworn evidence that the party charged is a fugitive from justice, and by a duly certified copy of an indictment, or a duly attested copy of a complaint made before a court or magistrate authorized to receive the same and supported by affidavit; and that the person arrested shall be allowed opportunity to apply for a writ of habeas corpus. Gen. Sts. *c*. 177, §§ 1–4. The warrant of the Governor of the Commonwealth is *primâ facie* evidence, at least, that all necessary legal prerequisites have been complied with, and, if the previous proceedings appear to be regular, is conclusive evidence of the right to remove the prisoner to the state from which he fled. *Commonwealth* v. *Hall*, 9 Gray, 262. *Kingsbury's case*, 106 Mass. 223. *Brown's case*, 112 Mass. 409. *Taylor* v. *Taintor*, 16 Wall. 366, 374.

The only objection made in this case to the validity of the proceedings is that the indictment does not charge any crime under the laws of Vermont. But by the statutes of Vermont, produced at the argument in accordance with the leave reserved in the report, it appears that obtaining goods by false pretences is a punishable crime in that state ; and the indictment substantially sets forth an obtaining of goods by false pretences. When an indictment appears to have been returned by a grand jury, and is certified as authentic by the Governor of the other state, and substantially charges a crime, this court cannot, on habeas corpus, discharge the prisoner because of formal defects in the indictment; but the sufficiency of the charge as a matter of technical pleading is to be tried and determined in the state in which the indictment was found. *In re Voorhees*, 3 Vroom, 141. *In re Greenough*, 31 Vt. 279. *In re Clark*, 9 Wend. 212. As this ground is conclusive against the petitioner, it is unnecessary to consider whether the warrant of the Governor of this Commonwealth, issued upon the demand and certificate of the Governor of Vermont, would preclude the court from inquiring and determining whether the indictment was defective in substance.

In the cases cited at the bar, in which the prisoner was discharged, there was no indictment, but only an *ex parte* affidavit, which, upon inspection, did not distinctly charge any crime. In *Ex parte Smith*, 3 McLean, 121, the affidavit merely alleged that the deponent at a certain time and place in Missouri "was shot with intent to kill, and that his life was despaired of for several days ; and that he believes, and has good reason to believe, from evidence and information now in his possession, that Joseph Smith, commonly called the Mormon Prophet, was accessory before the fact of the intended murder ; and that the said Joseph Smith is a citizen or resident of the State of Illinois ; " and did not otherwise allege that a crime had been committed, or that Smith was in Missouri at the time of i s commission, or that he was a fugitive from justice. In *People* v. *Brady*, 56 N. Y. 182, the affidavit charged a conspiracy to obtain, and an actual obtaining of property in Michigan by " divers false pretences," without setting out the pretences, or alleging that the end or the means were unlawful by the laws of that state. **In**

*Manchester's case*, 5 Cal. 237, on the other hand, an affidavit which set forth the crimes of forgery, and of uttering forged notes, without the exactness necessary to be observed in an indictment, was held to be sufficient.   See also *In re Farez*, 7 Blatchf. C. C. 34, 345, 491.                    *Prisoner remanded.*