EDWIN E. GRAVES'S CASE.

(Two petitions.)

Suffolk.    November 8, 1920. — November 26, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Extradition. Department of Public Safety,* Division of State Police. *Habeas Corpus. Jury and Jurors.*

A warrant, issued by the Governor of this Commonwealth on a demand by the Governor of the State of Illinois for the extradition of one indicted by the grand jury of that State, and directed to "The Sheriffs, Deputy Sheriffs, Division of State Police Department of Public Safety, and other officers of and in the several cities and counties of this Commonwealth," cannot lawfully be served by an officer of the division of State police, department of public safety, he not being an officer designated in the warrant and the "division" not being an officer or a class of officers.

It is an essential element of a warrant for an arrest in a criminal case that it be directed to some officer or class of officers and not to a department, an organization, or an official or unofficial body.

The mere fact that, at the time of the arrest upon a warrant issued by the Governor of this Commonwealth on a demand by the Governor of the State of Illinois for the extradition of one indicted by a grand jury of that State, the person arrested was at large in the custody of bail furnished for his release from custody under a previous extradition warrant based on an earlier indictment of a grand jury of the State of Illinois, did not invalidate the later arrest.

Formal objections to an indictment found and returned by a grand jury of the State of Illinois are not grounds for the issuance of a writ of habeas corpus upon a petition filed in this Commonwealth by the defendant named in that indictment after his arrest under the authority of a warrant of the Governor of this Commonwealth issued upon a demand by the Governor of the State of Illinois for his extradition.

The Governor of this Commonwealth, in determining the propriety of issuing a warrant under St. 1920, c. 399, when a demand is made upon him by a Governor of another State under R. L. c. 217, § 11, for the extradition of a fugitive from justice, may consider evidence outside the papers sent with the requisition.

A petitioner for the writ of habeas corpus has no right to a trial by jury of facts placed in issue by the pleadings.

A warrant issued by the Governor of this Commonwealth under St. 1920, c. 399, upon a demand by a Governor of a sister State made under R. L. c. 217, § 11, for the arrest and rendition of a fugitive from justice under indictment in that State, is *prima facie* evidence, at least, that all necessary legal prerequisites have been complied with, and, if the previous proceedings appear to be regular, is conclusive evidence of the right to remove the prisoner to the State from which he fled.

Two PETITIONS, filed respectively on May 13, 1920, and on August 5, 1920, each for the writ of habeas corpus directing the production before the court of Edwin E. Graves from the custody of "Arthur E. Keating, a member of the Division of State Police, Department of Public Safety" of the Commonwealth.

The respondent having made a return and the petitioner having traversed the allegations of the return and having moved for a trial by jury, the first petition was heard by *Pierce*, J., the motion for a trial by jury having been denied, and the single justice ruled that the petition should be dismissed "and the petitioner should be remanded to the custody of said Keating," and reported the case to the full court for determination.

Upon the completion of the pleadings in the second case, the petitioner moved for a trial by jury, and the motion was denied by *Braley*, J., who then heard the case upon its merits, "admitted the petitioner to bail" and reserved the case for determination by the full court upon the record and certain findings of fact.

Material facts found by the single justices are described in the opinion.

By order of *Braley*, J., the two cases were consolidated for argument before the full court.

Sections 11 and 12 of R. L. c. 217, and § 13 as amended by St. 1920, c. 399, are as follows:

"Section 11. The Governor, in any case which is authorized by the Constitution and laws of the United States, may, upon demand, deliver to the executive of any other State or territory any person charged therein with treason, felony or other crime; or may, upon application, appoint an agent to demand of the executive authority of any other State or territory any such offender fleeing from the justice of this Commonwealth. Such demand or application shall be accompanied by sworn evidence that the person charged is a fugitive from justice and by a duly attested copy of an indictment or complaint made before a court or magistrate authorized to receive it. Such complaint shall be accompanied by affidavits to the facts constituting the crime charged by persons who have actual knowledge thereof, and by such further evidence as the Governor may require.

"Section 12. Upon such demand or application, the attorney general or a district attorney shall, if the Governor so requires, forthwith investigate the grounds thereof and report to the Governor all the material facts which may come to his knowledge, with an abstract of the evidence in the case, and, in case of a person demanded, whether he is held in custody or is under recognizance to answer for a crime against the laws of this Commonwealth or of the United States or by force of any civil process, with an opinion as to the legality or expediency of complying therewith.

"Section 13. If the Governor is satisfied that the demand conforms to law and ought to be complied with, he shall issue his warrant under the seal of the Commonwealth to an officer authorized to serve warrants in criminal cases, directing him to arrest and deliver such person to the agent making the demand, and shall also, by the warrant, request such officers within this State to afford all needful assistance in the execution thereof."

*F. W. Mansfield & E. R. Mansfield,* for the petitioner, submitted a brief.

*M. C. Teall,* Assistant Attorney General, (*J. W. Corcoran* with him,) for the respondent.

Rugg, C. J. These are two petitions, each for the writ of habeas corpus. The petitioner asks release from arrest by an officer of the Division of State Police, Department of Public Safety, upon two warrants, issued by the Governor of this Commonwealth on demand of the Governor of the State of Illinois, for his extradition to answer to indictments found by a grand jury in the latter State.

1. The warrant on which the petitioner was arrested in the first case was directed "To The Sheriffs, Deputy Sheriffs, Division of State Police Department of Public Safety, and other officers of and in the several cities and counties of this Commonwealth." The petition alleges and the answer and return admit that the arrest was made by Arthur E. Keating, an officer of the Division of State Police, Department of Public Safety of the Commonwealth. See St. 1919, c. 350, Part I, § 1; Part III, §§ 100, 101, 102, 108, 110. So far as shown by the record that was his only authority to make the arrest. He did not come within any other of the classes of officers named in the warrant of the Governor. He cannot justify unless the direction of the warrant to "Division of State Police, Department of Public Safety" empowered him to make the arrest. It is provided by R. L. c. 217, § 13, unchanged in this particular by St. 1920, c. 399, that when satisfied the demand by the executive of a sister State conforms to law and ought to be complied with, the Governor "shall issue his warrant under the seal of the Commonwealth to an officer authorized to serve warrants in criminal cases," to take, that is, to arrest the person demanded.

Plainly the warrant in the first case does not conform to this statute. The "Division of State Police, Department of Public Safety" is not an officer. It is the name of an administrative agency connected with the executive department of government. It is composed not only of officers authorized to serve warrants in criminal cases but also of such "inspectors, experts, clerks and other assistants" as may be provided by law. St. 1919, c. 350, Part III, § 101. It is an essential element of a warrant for an arrest in a criminal case that it be directed to some officer or class of officers and not to a department, organization or official or unofficial body. *Commonwealth* v. *Foster*, 1 Mass. 488. The phrase of the statute is explicit to that effect. The words of the warrant in the case at bar "Division of State Police, Department of

Public Safety" do not conform to this general principle or to the requirement of the statute. Since the officer making the arrest did not hold any of the offices named in the warrant he had no authority of law for making the arrest. This point is alleged in the petition, was made at the trial before the single justice and is reported for our consideration. It follows that, in the first case, without considering the other points raised, the petitioner is entitled to his discharge.

2. The petitioner was admitted to bail on the first case, and the questions of law therein raised were reported by the single justice.

While that case was pending but before it was reached for hearing by the full court, the petitioner was arrested upon another warrant issued by the Governor of this Commonwealth in response to the demand of the Governor of the State of Illinois for extradition of Graves to answer to an indictment found by the grand jury of the latter State. It was said by Chief Justice Gray in *Davis's Case*, 122 Mass. 324, at page 328: "The warrant of the Governor of the Commonwealth is *prima facie* evidence, at least, that all necessary legal prerequisites have been complied with, and, if the previous proceedings appear to be regular, is conclusive evidence of the right to remove the prisoner to the State from which he fled."

The fact that the petitioner was at large on bail under these circumstances did not in itself prevent a valid arrest on a second executive warrant in accordance with a new requisition upon a fresh indictment. The duty of the Governor under the Constitution of the United States, art. 4, § 2, to deliver up a person charged with crime in another State, upon proper demand by the executive authority of the State from which he has fled, is imperative in every case in which it arises. *Biddinger* v. *Commissioner of Police*, 245 U. S. 128. This principle has no application to instances where the fugitive is held to answer for crime in this Commonwealth. *Opinion of the Justices*, 201 Mass. 609, 610. The petitioner was not held for crime in this Commonwealth. He was not in the custody of the court but at large in the custody of the bail. *Commonwealth* v. *Brickett*, 8 Pick. 138, 140. It was no interference by the executive with the judicial department of government, if under the circumstances here disclosed the Governor

chose to issue a second warrant. It may be that the proceedings of indictment, requisition and issuance of executive warrant in the second case were for the purpose of overcoming defects in the first. Such proceedings contravened no rights of the petitioner. *Commonwealth* v. *Hall*, 9 Gray, 262. *Ex parte Milburn*, 9 Pet. 704. *Bassing* v. *Cady*, 208 U. S. 386. *Taylor* v. *Taintor*, 16 Wall. 366.

Formal objections are raised concerning the indictment. These, however, are for the consideration of the courts of the State in which the indictment was found and not for this court on a petition for habeas corpus. *Davis's Case*, 122 Mass. 324, 329.

There is no reason to doubt the sufficiency of the papers in the second case. The indictment, copy of which accompanies the requisition, in one count charged the defendant and others with conspiring to injure and destroy large numbers of buildings, the property of divers persons, by explosion of dynamite, and in the second count with conspiracy to injure and destroy a specified building of a named owner by explosion of dynamite.

The indictment charges acts manifestly constituting a crime at common law. It appears to be a crime under the statutes of the State of Illinois. It is certified to be a crime under the laws of that State in the requisition of its Governor.

The sworn affidavits accompanying the requisition were sufficient to show that the petitioner was a fugitive from justice. *Duddy's Case*, 219 Mass. 548. *Strassheim* v. *Daily*, 221 U. S. 280.

The Governor might consider additional affidavits. It is provided by R. L. c. 217, § 12, that the Governor may require the Attorney General to investigate the demand for requisition and report all material facts which shall come to his knowledge. It is within the clear contemplation of this provision that the Governor may consider evidence outside the papers sent with the requisition.

Several objections are urged to the authenticity of the papers for requisition presented to the Governor. Without reviewing these one by one, it is enough to say that no sound reason to doubt their genuineness, accuracy or sufficiency is apparent on the record.

Trial by jury in habeas corpus has never been allowed in this Commonwealth, so far as we are aware. Such proceeding would

be contrary to the essential nature of that writ, which is to determine forthwith the right of a person to his liberty. The great weight of authority is against the allowance of such trial. *Orr* v. *Miller*, 98 Ind. 436. *Turner* v. *Hendryx*, 86 Ore. 590, 605. *Pittman* v. *Byars*, 51 Tex. Civ. App. 83. The motion for a trial by jury was denied rightly.

The warrant issued by the Governor in the second case is not open to the objection held fatal to that in the first case: it conforms to the requirement of the statute and is proper in form. It is directed, among others, to any officer of the State police of the division of public safety.

The petitioner fails to overcome the *prima facie* case made out by the decision of the Governor or to show that on any ground he is entitled to be discharged.

The printed record considered alone in parts seems to indicate that each case was heard upon the petition and a rule issued to the arresting officer to show cause why the writ should not issue. If that were the procedure the proper entry in the first case would be, writ to issue and upon its return petitioner to be discharged, and in the second case, petition denied or dismissed. But the copies of papers transmitted to the full court as required by law show that the writ of habeas corpus issued and the petitioner was admitted to bail in each case. It is apparent, therefore, that hearing was had partly on the petition and partly on the return of the writ, or wholly on the return of the writ, either procedure being proper. *Chambers's Case*, 221 Mass. 178. Therefore, in the first case the entry may be, petitioner to be discharged, and in the second case, petitioner remanded to custody under the warrant of the Governor for rendition to the agent of the Governor of the State of Illinois.

*So ordered.*