FRANK WALLACE, petitioner.

Suffolk. November 7, 1928. — November 26, 1928.

Present: RUGG, C.J., CARROLL, WAIT, & SANDERSON, JJ.

*Extradition and Rendition. Habeas Corpus. Governor. Evidence,* Competency. *Practice, Civil,* Habeas corpus proceedings, Requests, rulings and instructions.

At the hearing of a petition for a writ of habeas corpus seeking release of one held as a fugitive from justice under a rendition warrant directing delivery of the petitioner to Michigan for trial on a charge of murder, it appeared that the Governor of this Commonwealth had given a hearing to the petitioner, at which he was represented by counsel, and then, acting on papers presented by the Governor of Michigan, which included affidavits of eyewitnesses to the presence of the petitioner at the scene and time of the murder, and on "the evidence before him," had granted the demand of the Governor of Michigan and had issued the warrant. The record did not disclose the evidence at the hearing before the Governor of this Commonwealth. The petition was denied. *Held,* that

(1) It was proper to exclude evidence, offered by the petitioner, which would merely tend to show that the petitioner was not in Michigan, but was in Boston for two days before and the day after and at the time of the crime;

(2) Habeas corpus was not a proper proceeding to try the question of alibi;

(3) The evidence before the Governor of this Commonwealth, so far as it bore on the question whether the petitioner was a fugitive from justice, being conflicting and all of it not being reported, and there being evidence to support the finding by him, his finding should not be reviewed and evidence to overthrow his conclusions on that issue properly was excluded in these habeas corpus proceedings;

(4) The affidavits accompanying the demand by the Governor of Michigan satisfied the requirements of G. L. c. 276, § 11: following *Duddy's Case*, 219 Mass. 548;

(5) Formal objections to the charge filed in the Michigan court were for determination by the courts of that State and not by the courts of this Commonwealth on a petition for habeas corpus;

(6) Strict compliance with the common law rules of evidence was not required at the hearing before the Governor of this Commonwealth; and, in the absence of a report of that evidence in the record, no error could be shown as to a finding based on testimony, then heard from Michigan witnesses to the crime there committed, as to their later identification of the petitioner in a certain city in this Commonwealth.

However correct a ruling requested of a presiding justice may be as an abstract principle of law, he is not bound to give it when there is no issue before him to which it is applicable.

PETITION, described in the opinion, filed in the Supreme Judicial Court for the county of Suffolk on August 17, 1928, for a writ of habeas corpus.

The petition was heard by *Crosby*, J. Material evidence and exceptions saved before him are stated in the opinion. The petition was denied and the petitioner alleged exceptions.

*J. W. Corcoran*, (*D. W. Casey* with him,) for the petitioner.

*G. B. Lourie*, Assistant Attorney General, & *R. M. Toms* of Michigan, Prosecuting Attorney of Wayne County, (*S. D. Bacigalupo*, Assistant Attorney General, with them,) for the Commonwealth.

CARROLL, J. In this petition for a writ of habeas corpus, the petitioner seeks to be released from arrest upon a warrant, issued by the Governor of this Commonwealth upon the demand of the Governor of the State of Michigan, for his rendition to answer to a complaint alleging that on the sixth day of June, 1928, in the city of Detroit, Frank Wallace, alias Gustin, did kill and murder George Barsted.

The affidavits accompanying and attached to the demand of the Governor of Michigan show that on June 6, 1928, about eleven o'clock in the forenoon, three men, two of whom were armed, entered the cashier's office of the Detroit News on the second floor of its building in the city of Detroit, held up the employees who were engaged in making up the pay roll, and stole $14,826.02; that about this time Wallace entered another office of the Detroit News on the same floor, pointed a revolver at the employees, and commanded them to hold up their hands; that Wallace was seen in the corridor of the building on the second floor; that he pointed a revolver at the elevator operator and commanded her to stop the elevator; that she refused, ran the elevator to the street floor, gave an alarm, and Barsted, a police officer, was called; that as Barsted was about to enter the building he was shot, by some one inside the building, and fell on his back; that two men came from the building, one carrying a revolver and one a shot gun; that as they passed Barsted both men fired at him.

The affidavits also show that Wallace was identified by the elevator operator and by an employee of the Detroit News. They stated that they identified Wallace in the corridor of the Suffolk County Court House in Boston on July 26, 1928, as the man who on June 6, in the Detroit News Building was carrying in his hand a revolver and running downstairs with other men. One of these witnesses stated that he saw Wallace on June 6 for approximately five minutes in a bright light, at a distance between six and twenty feet; that at the time he identified Wallace in Boston there were about one hundred fifty people in the corridor of the Boston court house; that he instantly recognized him without assistance as the man who pointed a pistol at him in Detroit on June 6, 1928.

At the hearing on the petition for habeas corpus the petitioner offered evidence tending to show that he was not present in the State of Michigan on June 6, 1928; that he was "physically present in Boston on June 4, 5, 6, and 7, 1928"; that the affidavits of Thornton and Richardson purporting to identify Wallace in the Suffolk County Court

House in Boston on July 26 were incorrect as Wallace was confined in the Charles Street Jail, Boston, all of that day. At the hearing there was also evidence, or it was admitted, that in August, 1928, the Governor of this Commonwealth received from the Governor of Michigan a demand with papers attached for the surrender of the petitioner as a fugitive from justice; that the Governor of Massachusetts submitted the demand to the Attorney General for examination. It further appeared that the Governor of this Commonwealth gave a hearing to the petitioner, where he was represented by counsel, and the Governor, "acting on said papers and the evidence before him," granted the demand of the Governor of Michigan and issued his warrant.

At the opening of the hearing, the petitioner's counsel moved that a writ of habeas corpus *ad testificandum* issue to bring the petitioner from jail that he might testify that he was not the person named in the rendition papers, and was not in the State of Michigan on June 6, 1928, but was in Boston on that date, as well as on June 4, 5 and 7. Counsel also moved for a writ of habeas corpus *ad testificandum* to bring John Moriarty from the House of Correction for the purpose of testifying he was with Wallace in Boston on June 6. These motions were denied, and the petitioner excepted. Counsel for the petitioner also offered to show by nine witnesses present in the court room that the petitioner was in Boston on June 4, 5, 6 and 7, 1928. This evidence was not admitted and the petitioner excepted.

The petitioner requested the presiding justice to give the following rulings: (1) "The warrant issued by the Governor of this Commonwealth is invalid and does not justify the arrest and detention of Wallace because it was not signed by the Acting Governor of Massachusetts in the absence of the Governor from the Commonwealth as provided for by Article 131 of the Constitution of Massachusetts"; (2) "The warrant issued by the Governor of this Commonwealth directed to John F. Stokes could not lawfully be served by him on account of its invalidity"; (3) "The Governor of this Commonwealth was without authority to issue his warrant for the arrest and rendition of Wallace because the de-

mand of the Governor of Michigan was not accompanied by sworn evidence that Wallace is a fugitive from the justice of that State as required by G. L. c. 276, § 11"; (4) "The Governor of this Commonwealth was without authority to issue his warrant for the arrest and rendition of Wallace because the complaint annexed to the demand of the Governor of Michigan was not accompanied by affidavits to the facts constituting the crime charged, by persons who have actual knowledge thereof"; (5) "The affidavit of Fred W. Frahm based on information and belief is not the sworn evidence that Wallace is a fugitive from justice required by said G. L. c. 276, § 11"; (6) "The complaint accompanying the demand of the Governor of Michigan does not comply with the laws of Michigan inasmuch as the same is based on information and belief as is evidenced by the affidavit of the complainant Frahm"; (7) "The evidence does not warrant a finding that Wallace was in the State of Michigan at the time of the commission of any crime alleged in the complaint"; (8) "The affidavits of E. Fred Thornton and Isabelle Richardson could not be properly considered by the Governor of Massachusetts as they purported to identify Wallace in the Suffolk County Court House at Boston on July 26, 1928, when in reality the petitioner was held without bail in the Charles Street Jail on that date"; (9) "The burden of proof in this proceeding where the alleged fugitive had denied identity is upon the respondent"; (10) "One arrested and held as a fugitive from justice is entitled as a matter of right upon habeas corpus, to question the lawfulness of his arrest and imprisonment showing by competent evidence as a ground for his release, that he was not, within the meaning of the Constitution and laws of the United States a fugitive from justice of the demanding State." Requests one and two were waived; request nine was given; the others were refused. The petition was denied, and the case reported.

The motions for the writs to bring the petitioner and Moriarty into court for the purpose of testifying were properly denied, and the evidence offered that the petitioner was not in the city of Detroit on June 6, 1928, was excluded properly. So far as this evidence was to establish an alibi

it was not admissible. *Germain, petitioner,* 258 Mass. 289, 298, 299.

The petitioner contends that this evidence was admissible to show that he was not a fugitive from justice. Assuming that a right of judicial review may exist to show that a petitioner is not a fugitive from justice, the question we have to decide is whether in this case the right exists, considering the entire record including the attached affidavits, and the fact that the Governor of this Commonwealth had before him additional evidence not disclosed by the record and the further fact that he gave a hearing to the petitioner.

The attached affidavits show that the witnesses had full opportunity to recognize and identify the petitioner: they saw him for several minutes when it was daylight; they afterwards identified him in Boston and picked him out without assistance, from a crowd of one hundred fifty people. The excluded evidence was merely contradictory, and under the circumstances shown, in our opinion was not admissible at the hearing on this petition. It was a question of fact to be decided by the Governor, and as there was evidence to support the finding, and there was also additional evidence not reported, his finding should not be reviewed. *Germain, petitioner, supra.* "When it is conceded, or when it is so conclusively proved, that no question can be made that the person was not within the demanding State when the crime is said to have been committed, and his arrest is sought on the ground only of a constructive presence at that time, in the demanding State, then the court will discharge the defendant. . . . But the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the State, as *habeas corpus* is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused." *Munsey* v. *Clough,* 196 U. S. 364, 374, 375. *Germain, petitioner, supra. McNichols* v. *Pease,* 207 U. S. 100. *Ex parte Montgomery,* 244 Fed. Rep. 967. *United States* v. *Williams,* 6 Fed. Rep. (2d) 13. *Dennison* v. *Christian,* 72 Neb. 703. Where, as here, the evidence was clear, positive and satisfactory that the petitioner was

present in the city of Detroit on June 6, 1928, and participated in the crime, and the matter has been fully heard by the Governor, with full opportunity for the petitioner to be heard on the questions of fact, material as the evidence offered may be at the trial on the merits, the presiding justice in proceedings for habeas corpus was not required to hear this evidence, nor to demand the presence of the petitioner and Moriarty.

The third, fourth and fifth requests were refused properly. *Duddy's Case*, 219 Mass. 548, 550. *Biddinger* v. *Commissioner of Police*, 245 U. S. 128, 134. The statements of the witnesses duly sworn were in the case, and it appeared there was other evidence before the Governor. G. L. c. 276, § 11.

There was no error in denying the sixth request. Formal objections to the complaint are for the courts of the demanding State and not for the courts of this Commonwealth on a petition for habeas corpus. *Graves's Case*, 236 Mass. 493, 498. The seventh request was denied rightly: the trial justice had sufficient evidence before him to determine that Wallace was in Michigan when the offence was committed.

The eighth request refers to the identification of Wallace in Boston on July 26, 1928. At a hearing before the Governor strict compliance with the common law rules of evidence is not required. *Germain, petitioner, supra,* 295. It does not appear what evidence was heard by the Governor, but it affirmatively appears that he heard other evidence not reported, and this evidence may have explained the error, if there were error, in the date when Thornton and Richardson identified Wallace in the Suffolk County Court House in Boston.

In view of what has been said, the tenth request was refused properly. However correct such a request may be as an abstract principle of law, the presiding justice was not bound to give it when there was no issue to which it was applicable. *Director General of Railroads* v. *Eastern Steamship Lines, Inc.* 245 Mass. 385, 401.

*Order denying petition affirmed.*