EDWARD MURPHY, petitioner
(and a companion case [1]).

Suffolk.    March 3, 1947. — April 5, 1947.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Extradition and Rendition. Governor. Evidence*, Competency, Attorney
General's report. *Constitutional Law*, Extradition. *Habeas Corpus.*
*Affidavit. Words,* "Before."

No error appeared in the exclusion, at the hearing in a habeas corpus
proceeding seeking release from custody under an interstate rendition
warrant issued by the Governor, of a report made by the Attorney
General to the Governor under G. L. (Ter. Ed.) c. 276, § 15, as appear-
ing in St. 1937, c. 304, § 1.

---

[1] The companion case is a petition by Edward L. Pray.

In dealing with a requisition for interstate rendition, investigated by the Attorney General at the request of the Governor under G. L. (Ter. Ed.) c. 276, § 15, as appearing in St. 1937, c. 304, § 1, the Governor is not bound to follow advice set forth in the report of the Attorney General.

One named in a requisition for his interstate rendition has no constitutional right to a hearing by the Governor before the issuance of a rendition warrant.

One seeking by habeas corpus release from custody under an interstate rendition warrant is not entitled to try in that proceeding the issue of his guilt or innocence of the crime charged.

The fact that an interstate rendition warrant had been issued by the Governor was prima facie evidence that all necessary legal prerequisites had been complied with and was sufficient to justify the denial of requests for rulings, made in a habeas corpus proceeding seeking release of the petitioner from custody after arrest under the warrant, that the petitioner was entitled to be released on the ground that there was no evidence that he was a fugitive from justice from the State seeking rendition or that he was present in that State at the time of the commission of the alleged crime.

Absence of an indictment or information from the papers accompanying a requisition for interstate rendition did not make the requisition invalid under U. S. C. (1940 ed.) Title 18, § 662, and G. L. (Ter. Ed.) c. 276, § 14, as appearing in St. 1937, c. 304, § 1, where such papers included "an affidavit made before a magistrate of" the State seeking rendition.

Upon facts presented at a hearing in a habeas corpus proceeding seeking release from custody under an interstate rendition warrant issued on requisition by the Governor of Maine, it was presumed that the oath to a complaint administered by the clerk of a municipal court in Maine to whom the complaint was addressed was, under the relevant statutes of Maine, taken in the court and hence "before" the judge as a "magistrate" within U. S. C. (1940 ed.) Title 18, § 662, and G. L. (Ter. Ed.) c. 276, § 14, as appearing in St. 1937, c. 304, § 1.

A complaint for crime duly sworn to before an officer authorized to administer oaths may constitute "an affidavit made before a magistrate" within U. S. C. (1940 ed.) Title 18, § 662, and G. L. (Ter. Ed.) c. 276, § 14, as appearing in St. 1937, c. 304, § 1.

Two PETITIONS, filed in the Superior Court on September 9, 1946.

The cases were heard by *Donnelly*, J.

*W. H. Lewis*, for the petitioners.

*W. S. Kinney*, Assistant Attorney General, for the respondents.

WILKINS, J.    These two petitions for writs of habeas corpus are substantially identical.    In each the petitioner seeks his release from the custody of two officers of the State

police, of the sheriff of Suffolk County, and of an agent of the Governor of the State of Maine. It is alleged that each petitioner is unlawfully restrained of his liberty following arrest upon an extradition warrant issued by the Governor of the Commonwealth in compliance with the requisition of the Governor of the State of Maine, which certified as authentic a complaint and warrant issued in that State charging the crime of larceny, and which stated that each petitioner had fled into this Commonwealth. The petitions were denied after hearing in the Superior Court. The petitioners excepted to the exclusion of a report of the Attorney General offered in evidence and to the denial of requests for rulings.

It is assumed in favor of the petitioners that the cases properly may be brought here by exceptions. *Harris, petitioner*, 309 Mass. 180, 184. *Baker, petitioner*, 310 Mass. 724, 727.

1. We first consider questions relating to the report of the Attorney General.

(a) Pursuant to G. L. (Ter. Ed.) c. 276, § 15, as appearing in St. 1937, c. 304, § 1,[1] the demands for the surrender of the petitioners were investigated by an assistant attorney general, who made a written report to the Governor which was signed in the name of the Attorney General by the same assistant attorney general. The report stated that he had examined the papers accompanying the requisitions of the Governor of the State of Maine and had "heard the parties appearing in opposition"; that upon those papers he was of opinion that there had been compliance with the statutes of the United States and of this Commonwealth relating to extradition; that the persons named in the warrants were sufficiently identified; but that the accused persons were not "properly identified as being in the demanding State at or about the time the crime was alleged

---

[1] "When a demand shall be made upon the governor by the executive authority of another state for the surrender of a person so charged with crime, the governor may call upon the attorney general or any other prosecuting officer to investigate or assist in investigating the demand, and to report to him the situation and circumstances of the person so demanded, and whether he ought to be surrendered."

to have been committed." The report concluded, "I cannot recommend that these men be extradited to stand trial on the evidence that has been submitted to me." There was no error in excluding the report. The statute is permissive in character and authorizes the Governor in his discretion to obtain assistance in the investigation of a requisition for extradition. See *Graves's Case,* 236 Mass. 493, 498. There is nothing in the statute itself or in any other provision of law requiring a report made under it to be admitted in evidence.

(b) The eleventh request of each petitioner was, "That the Governor having referred the petition to the Attorney General of Massachusetts in accordance with the provision of § 15 of c. 276 of the General Laws, the Governor is bound to follow the advice and report of the Attorney General." It is the Governor upon whom rests the statutory duty of determining whether a requisition shall be complied with. G. L. (Ter. Ed.) c. 276, § 12, as appearing in St. 1937, c. 304, § 1. U. S. Rev. Sts. § 5278 (U. S. C. [1940 ed.] Title 18, § 662). *Germain, petitioner,* 258 Mass. 289, 293. The eleventh request stated an antithesis of the statutory requirement, and its denial was right.

2. There was no constitutional right in the petitioners to demand a hearing before the Governor, who committed no error in refusing to grant one. *Munsey* v. *Clough,* 196 U. S. 364, 372. *Pettibone* v. *Nichols,* 203 U. S. 192, 204. *People* v. *Pease,* 207 U. S. 100, 109. *Reed* v. *United States,* 224 Fed. 378, 380–381 (C. C. A. 9). *Raftery* v. *Bligh,* 55 Fed. (2d) 189, 193 (C. C. A. 1). *Lee Won Sing* v. *Cottone,* 123 Fed. (2d) 169, 173–174 (C. A. D. C.). The thirteenth request of each petitioner was rightly denied.

3. The judge denied the following requests of each petitioner: "5. That upon all the evidence, he is not a fugitive from justice from the State of Maine, and is entitled to his discharge. 6. Upon all the evidence, the petitioner was not in the State of Maine on or about the 3rd day of June, 1946, and the writ of habeas corpus issue, and that he be ordered discharged thereon."

Each requisition of the Governor of Maine stated that

by the attached complaint and warrant each petitioner stood charged with the crime of larceny, each "having been in this State at the time of the commission of said crime." The attached complaints were signed by W. F. Sheffield of Lewiston, Maine, and were addressed to the clerk of the Municipal Court for the City of Lewiston, who administered the oaths thereto. The complaints state that on June 3, 1946, at Lewiston the petitioners "feloniously did steal, take and carry away" twenty-six trays of assorted rings, ten cards of emblems, and eighty-one wallets of the value of $11,141, the property of the Joseph Canns Company, a corporation. There was also an affidavit of A. F. Martin, the county attorney of Androscoggin County, hereinafter referred to. At the hearing in the Superior Court there was testimony from the petitioner Murphy and from two other witnesses tending to show that the petitioner Murphy was in Massachusetts on June 3, 1946, the date of the commission of the alleged crime in Maine.

It is well settled that "the court will not discharge a defendant arrested under the governor's warrant [in extradition proceedings] where there is merely contradictory evidence on the subject of presence in or absence from the State, as habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused." *Munsey* v. *Clough*, 196 U. S. 364, 375. *Germain, petitioner*, 258 Mass. 289, 296–297. *Harris, petitioner*, 309 Mass. 180, 184. *Baker, petitioner*, 310 Mass. 724, 732–733. G. L. (Ter. Ed.) c. 276, § 20H, as inserted by St. 1937, c. 304, § 1. And it is undoubtedly true that whether the petitioners were fugitives from justice was a question of fact for the Governor to determine upon evidence satisfactory to him. *Roberts* v. *Reilly*, 116 U. S. 80, 95. *Hyatt* v. *People*, 188 U. S. 691, 710. *Munsey* v. *Clough*, 196 U. S. 364, 372. *Hogan* v. *O'Neill*, 255 U. S. 52, 56. Strict common law evidence was not necessary before the Governor or before the court reviewing his decision. *Germain, petitioner*, 258 Mass. 289, 295.

The petitioners contend that, even if the testimony of the petitioner Murphy and of the two other witnesses was

not believed, there was no evidence of the presence of the petitioners in Maine. This contention overlooks the effect to be given under our decisions to the issuance of a rendition warrant by the Governor. His warrant "is prima facie evidence, at least, that all necessary legal prerequisites have been complied with, and, if the previous proceedings appear to be regular, is conclusive evidence of the right to remove the prisoner to the state from which he fled." *Davis's Case*, 122 Mass. 324, 328. *Baker, petitioner*, 310 Mass. 724, 729, and cases cited. *Munsey* v. *Clough*, 196 U. S. 364, 372–373. *People* v. *Pease*, 207 U. S. 100, 109, *Marbles* v. *Creecy*, 215 U. S. 63, 68. *Hogan* v. *O'Neill*, 255 U. S. 52, 56. *Raftery* v. *Bligh*, 55 Fed. (2d) 189, 193 (C. C. A. 1). There was no error in the denial of requests numbered 5 and 6.

4. We next consider requests of the petitioners which challenge the sufficiency of the papers accompanying the requisitions of the Governor of Maine.

(a) Two requests[1] are based upon the absence of an indictment or information. But neither of these was necessary. Under U. S. Rev. Sts. § 5278 (U. S. C. [1940 ed.] Title 18, § 662),[2] it is required in the alternative that the executive authority of the demanding State produce "a copy of an indictment found or an affidavit made before a magis-

---

[1] "7. That the requisition of the Governor of Maine was not accompanied by, 'A copy of an indictment found or of an information supported by affidavit,' and, therefore, the Governor of Massachusetts had no right or duty under § 14 of c. 276 of the General Laws to sign a warrant authorizing the removal of your petitioner to the State of Maine, and order the writ to issue and direct the discharge of the petitioner thereon.

"8. An affidavit is not sufficient from which a Governor may base his warrant unless it is accompanied by an information, and, therefore, the warrant of the Governor of Massachusetts is not justified under the act, and order the petitioner's discharge."

[2] "Whenever the executive authority of any State . . . demands any person as a fugitive from justice, of the executive authority of any State . . . to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State . . . charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor . . . of the State . . . from whence the person so charged has fled, it shall be the duty of the executive authority of the State . . . to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear."

trate of any State." *Matter of Strauss*, 197 U. S. 324, 329. *Webb* v. *York*, 79 Fed. 616, 620 (C. C. A. 8). *In re Strauss*, 126 Fed. 327, 330(C. C. A. 2). *Riley* v. *Colpoys*, 85 Fed. (2d) 282, 283 (C. A. D. C.). Under G. L. (Ter. Ed.) c. 276, § 14, as appearing in St. 1937, c. 304, § 1,[1] it is required that the demand be "accompanied by a copy of an indictment found, or of an information supported by affidavit, in the demanding state, or by a copy of an affidavit made before a magistrate of such state, and by a copy of the warrant which was issued thereon." There are thus provided three methods of complying with our State statute, namely, indictment, or information supported by affidavit, or affidavit made before a magistrate together with the warrant. It is the third method with which we are here concerned. The judge was correct in denying requests numbered 7 and 8, which ignored the existence of a method authorized in the Federal and the State statutes alike. See *Goodale* v. *Splain*, 42 App. D. C. 235, 239; *People* v. *Mulcahy*, 392 Ill. 290, 292–293; *State* v. *Moeller*, 191 Minn. 193, 195; *Ex parte Ryan*, 75 Okla. Cr. 144, 148–149. See also *Kingsbury's Case*, 106 Mass. 223.

(b) Two requests[2] concern the affidavit of A. F. Martin,

---

[1] "No demand for the interstate rendition of a person charged with crime in another state shall be recognized by the governor unless it be in writing alleging . . . that the person demanded was present in the demanding state at the time of the commission of the alleged crime . . . nor unless such demand is accompanied by a copy of an indictment found, or of an information supported by affidavit, in the demanding state, or by a copy of an affidavit made before a magistrate of such state, and by a copy of the warrant which was issued thereon . . . . The indictment or information, or the affidavit made before the magistrate who issued the warrant, shall substantially charge the person demanded with having committed a crime under the law of the demanding state, and the copy of the indictment, information, affidavit . . . shall be authenticated by the executive authority of such state."

[2] "9. That the affidavit signed by A. F. Martin, district attorney, is not sufficient in law, because it does not contain evidence which would be admissible at the trial of your petitioner; that the affidavit upon information and belief does not comply with the requirements of law under § 14 of c. 276.

"10. That the requisition of the Governor of the State of Maine does not comply with § 662 of Title 18 of the Criminal Code of the United States which provides for production of a copy of an 'indictment found or by an affidavit made before a magistrate'; that the affidavit of A. F. Martin, county attorney, is not made upon his own knowledge, but upon information and belief, and is not made before a magistrate, but before a notary public. The provisions of the Federal statute not having been complied with, the Governor of Massachusetts had no right to issue his warrant; that the arrest and detention of the petitioner thereon is an unlawful restraint of his liberty; that he should, therefore, be discharged upon the writ of habeas corpus."

the county attorney. The requisitions did not rest exclusively upon that affidavit, however, as the complaint itself, which was under oath of W. F. Sheffield, met the requirements of an affidavit under U. S. Rev. Sts. § 5278 (U. S. C. [1940 ed.] Title 18, § 662), and G. L. (Ter. Ed.) c. 276, § 14, as appearing in St. 1937, c. 304, § 1.

An affidavit is a statement in writing sworn before an officer authorized to administer an oath. *Ingraham* v. *United States*, 155 U. S. 434, 437. *Amtorg Trading Corp.* v. *United States*, 71 Fed. (2d) 524, 530 (Ct. Customs & Patent App.). *People* v. *Meyering*, 356 Ill. 210, 214. *People* v. *Wyatt*, 186 N. Y. 383, 389. *Matter of Breidt*, 84 N. J. Eq. 222, 226. *Fitzsimmons* v. *Board of Education of Carteret*, 125 N. J. L. 15, 18.

The oath to the complaint, as has been noted, was before the clerk of the Municipal Court for the City of Lewiston. It was dated June 28, 1946, the same day as the warrant. The concluding part of the warrant was, "Witness, Adrian A. Cote, Esq., Judge of our said Court at Lewiston aforesaid, this twenty-eighth day of June in the year of our Lord one thousand nine hundred and forty-six. Harris M. Isaacson, Clerk." This appears to have been issued in accordance with Rev. Sts. Maine (1944) c. 133, § 12.

By the laws of Maine it is provided: "The signature of the recorder or clerk of any municipal court to a complaint, warrant, mittimus, writ, or other document, purporting to come from the court of which he is recorder or clerk, shall be sufficient evidence of his authority to issue the same, without in any way accounting for the absence or presence of the judge of said court." Rev. Sts. Maine (1944) c. 96, § 6. "Clerks of courts may administer oaths required by law unless another officer is specially required to do it." Rev. Sts. Maine (1944) c. 79, § 118.

Upon the facts presented it is to be presumed that the oath to the complaint was taken in the court, and hence was before the judge, who is a magistrate within the meaning of U. S. Rev. Sts. § 5278 (U. S. C. [1940 ed.] Title 18, § 662), and G. L. (Ter. Ed.) c. 276, § 14, as appearing in St. 1937, c. 304, § 1. See *Ex parte Reggel*, 114 U. S. 642, 652–653.

"Before" means "in presence of." *In re Keller*, 36 Fed. 681, 684 (D. C. Minn.). *State* v. *Murnane*, 172 Minn. 401, 404–405. *Gugenhine* v. *Gerk*, 326 Mo. 333, 337; certiorari denied, 282 U. S. 810. *Ex parte Davis*, 333 Mo. 262, 266–267. The contention of the petitioners that a complaint cannot be an affidavit is unsound. *Collins* v. *Traeger*, 27 Fed. (2d) 842, 844–845 (C. C. A. 9). *Riley* v. *Colpoys*, 85 Fed. (2d) 282, 283. *Lacondra* v. *Hermann*, 343 Ill. 608, 613–614. *People* v. *Mulcahy*, 392 Ill. 498, 500. *Morrison* v. *Dwyer*, 143 Iowa, 502, 504. *State* v. *Curtis*, 111 Minn. 240, 242. *State* v. *Sheriff of Hennepin County*, 148 Minn. 484, 485. *State* v. *Moeller*, 191 Minn. 193, 195. *Ex parte Paulson*, 168 Ore. 457, 471. *Ex parte White*, 39 Tex. Cr. 497, 499. See *Matter of Strauss*, 197 U. S. 324; *People* v. *Stockwell*, 135 Mich. 341, 344; *In re Hooper*, 52 Wis. 699, 702–703.

As the complaint was "an affidavit made before a magistrate" in accordance with U. S. Rev. Sts. § 5278 (U. S. C. [1940 ed.] Title 18, § 662), and G. L. (Ter. Ed.) c. 276, § 14, as appearing in St. 1937, c. 304, § 1, the papers were regular upon their face without regard to the affidavit of the county attorney. It is unnecessary to consider further requests numbered 9 and 10, as their denial could not harm the petitioners.

5. The only remaining request argued by the petitioners is the fourteenth, [1] which, in a contingency which has not eventuated, sought a ruling that G. L. (Ter. Ed.) c. 276, § 13, as appearing in St. 1937, c. 304, § 1, is unconstitutional. This was rightly refused as inapplicable to any material issue. *Wallace, petitioner*, 265 Mass. 101, 107.

We need not discuss other requests which have not been argued but which raise no new question.

6. The suggestion of the Attorney General, which was made at the arguments in this court and is not a part of the record, that subsequent to the events described in the record the petitioner Pray has been convicted of another crime in

---

[1] "14. That the provisions of the Massachusetts Statute under Section 13 to the effect that the Petitioner need not be in the demanding state at the time of the commission of the crime is unconstitutional and in violation of Article IV, Section 2 of the Constitution of the United States."

our Superior Court and is serving a sentence in the house of correction, involves a matter which is in the discretion of the Governor. G. L. (Ter. Ed.) c. 276, §§ 20G, 20I, 20P, as inserted by St. 1937, c. 304, § 1. See *Opinion of the Justices*, 201 Mass. 609; *Graves's Case*, 236 Mass. 493, 497; *Harris, petitioner*, 309 Mass. 180, 181–182.

The exceptions are overruled. The record showing that the petitioners have been admitted to bail, the entry in each case will be that the petitioner be remanded to custody under the warrant of the Governor. *Graves's Case*, 236 Mass. 493, 499. *Baker, petitioner*, 310 Mass. 724, 733.

*So ordered.*