*Northern District*

No. 7978

## 27 WEST 15TH STREET, INC.

v.

## JOHN HOCHREITER, ROBERT L. ALBERTINI NEWTON-WALTHAM BANK & TRUST COMPANY

and

## GUARANTY TRUST COMPANY, trustees

Argued: Feb. 1, 1973 - Decided: March 1, 1973

*Present:* Cowdrey, P.J., Flaschner, Bacigalupo, JJ.

Case tried to *Doyle, J.* in the Second District Court of Eastern Middlesex, No. 9903.

**Bacigalupo, J.** This is an action of contract to recover rent under an alleged lease, damages caused by the defendants to the leased premises and the cost of replacing locks.

The defendant Albertini was defaulted. The defendant Hochreiter answered by way of a general denial, payment and that if any money is owed to the plaintiff, it is owed by one other than this defendant.

On September 1, 1972, the plaintiff filed a motion for summary judgment and what is purported to be an affidavit in support thereof, under the provisions of G.L. c. 231, §59.

On September 19, 1972, the defendant filed a contradictory affidavit. On September 22, 1972, a hearing was held at which both parties were represented by counsel and the plaintiff's motion was taken under advisement. On September 26, 1972, the plaintiff's motion for summary judgment was allowed and notices were mailed to counsel for both parties.

The case comes before us on the defendant's claim that the action of the court in allowing the plaintiff's motion for summary judgment was error.

The defendant in his brief relies principally on the contention that the plaintiff's motion for judgment was not supported by an affidavit as required by G.L. c. 231, §59 in that although it is titled, "Affidavit In Support Of and Motion For Summary Judgment", it is not under oath or subscribed to before an officer authorized to administer an oath.

"An Affidavit is a statement in writing sworn before an officer authorized to administer an oath." *In Re Murphy, Petitioner*, 321 Mass. 206, 213.

For the sufficiency of an affidavit under G.L. c. 231, §59. *See: Microwave Associates, Inc. v. Antenna Systems, Inc.*, 348 Mass. 783. *See also: Cyclopedia Law Dictionary, Third Edition*, defining an affidavit as, "A statement of declaration reduced to writing, and sworn and affirmed to before some officer who has authority to administer an oath." *See also: Cook Borden, Inc. v. Commonwealth*, 293 Mass. 174, 179-181, to the effect that a jurat attached to a mechanic's lien claim not signed by an officer authorized to administer an oath failed to comply with G.L. c. 30, §39, and thus invalidated the claim.

The alleged affidavit states in the first sentence that the affiant "affirms that" . . . . . and then eight paragraphs follow setting forth statements of fact relied on by the plaintiff in support of its motion.

It should be noted that G.L. c. 4, §6 provides that an oath may be dispensed with if the writing is verified under G.L. c. 268, §1A — that is, that it be subscribed under the pains and penalties of perjury.

§7 of said Chapter 4 is to the effect that an oath shall include an affirmation.

The affirmation in this case was neither subscribed before an officer authorized to administer oaths nor was it subscribed under the pains and penalties of perjury.

We therefore conclude that it was not an

affidavit that met the requirements of G.L. c. 231, §59.

The allowance of the plaintiff's motion for judgment was error. The order allowing the motion is vacated, and it is ordered that the case be restored to the trial list.

WEBB, WEBB & MARTIN
 for Plaintiff
JOHN C. DOHERTY
 for Defendant